## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN GERHART, ELISE GERHART, ALEX LOTORTO & ELIZABETH GLUNT | CIVIL ACTION NO. 1-17-cv-01726-YK |
| Plaintiffs. | ELECTRONICALLY FILED |
| vs. | **Brief in Support of the Motion to Dismiss Plaintiff's Complaint** |
| ENERGY TRANSFER PARTNERS, L.P.; SUNOCO PIPELINE, L.P.; TIGERSWAN, LLC; NICK JOHNSON; LIEUTENANT WILLIAM BENSON; TROOPER MICHAEL EHGARTNER; TROOPER DUNSMORE; UNNAMED TROOPERS #1-10; SHERIFF WILLIAM WALTERS; DEPUTY SHERIFF DOE; DEPUTY SHERIFF POE; DEPUTY SHERIFF ROE; and UNNAMED DEPUTY SHERIFFS #1-10 | **Mary Lou Maierhofer, Esquire** P.A. I.D. No.  62175 Attorney for Defendants: SHERIFF WILLIAM WALTERS; DEPUTY SHERIFF DOE; DEPUTY SHERIFF POE; DEPUTY SHERIFF ROE |
| Defendants. | mmaierhofer@margolisedelstein.com **MARGOLIS EDELSTEIN** P.O. Box 628 Hollidaysburg, PA  16648 (814) 695-5064 Fax: (814) 695-5066 |

# TABLE OF CONTENTS

Table of Authorities.............................................................................ii

I.      Statement of the Case...........................................................1

II.     Summary of the Argument......................................................2

III.    Standards..............................................................................4

    A.      Standard of Review for Granting A Motion to Dismiss...............4

    B.      Standard for a Civil Rights Claim...................................5

        1.      Causes of Action under 42 U.S.C. 1983
            (Fourteenth Amendment) ………………………………7

            a.      Due Process…………………………………………7

            b.      Equal Protection…………………………………7

    C.      Consideration of Documents Other Than What Are
        Attached to Plaintiffs' Pleading.....................................8

IV.     Arguments.............................................................................9

    A.      Failure to State a Claim for Malicious Prosecution .......................9

    B.      Failure to State Claims for a False Arrest .....................................13

    C.      Failure to State Claims for First Amendment Violations………...17

    D.      Sheriff/Deputies Are Protected from this Litigation
        Under the Doctrine of Qualified Immunity.....................................18

    E.      Strike Punitive Damages …………………………….........................21

    F.      More Definite Statement Under Rule 12(e) ……………………...22

V.      Conclusions...........................................................................23

# TABLE OF AUTHORITIES

Cases

Abbott v. Lat Shaw, 164 F.3d 141 (3rd Cir. 1998) .............................................19

Albert v. Oliver, 510 U.S. 266 (1994), 273 (1994) ……………………………..13

Anderson v. Creighton, 483 U.S. 635 (1987) ......................................................19

Anderson v. Davila 125 F.3d 148 (3d Cir.1997) ………………………………..17

Ashcroft v. Iqbal, 556 U.S. 662 (2009) …………………………………………….5

Baker v. McCollan, 443 U.S. 137 (1979) ............................................................6

Barna v. City of Perth Amboy, 42 F.3d 809 (3d Cir. 1994) ……………………15

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) …………………..4, 15

Basile v. TWP of Smith, 752 F. Supp. 2d 643 (W.D. Pa. 2010) ………………..10

Berg v. County of Allegheny, 219 F. 3d 261 (3d Cir. 2000) ...............................14

Brockington v. City of Philadelphia, 354 F. Supp. 2d. 563 (E.D. Pa. 2005) ……11

Casselli v. City of Philadelphia, 54 F.Supp.3d 368 (E.D. Pa. 2014) ……………8

City of Cleburne, Tex v. Cleburne Living Center, Inc., 473 U.S. 432 (1985) …..7

Cmwlth.of Pa. v. Flaherty, 983 F.2d 1267 (3rd Cir. 1993) ……………………...8

County of Sacramento v. Lewis, 523 U.S. 833 (1998) ………………………6, 14

DiBella v. Borough of Beachwood, 407 F.3d 599 (3d Cir. 2005)………………10

Dickerson v. McClellan, 101 F.3d 1151 (6th Cir. 1996) ...................................19

<u>Estate of Smith v. Marasco</u>, 318 F.3d 497 (3d Cir. 2003) …………………...10, 17

<u>Feld v. Merriam</u>, 485 A.2d 742 (Pa. 1984) ………………………………………21

<u>Feldman v. Philadelphia Housing Authority</u>,
    43 F.3d 823 (3d. Cir. 1994) .......................................................................22

<u>Ferry v. Bergbigler</u>, 615 F. Supp. 90 (W.D. Pa. 1985) ......................................5

<u>Franks v. Delaware</u>, 438 U.S. 154, 155-56 (1978) ……………………………12

<u>Freedman v.  City of Allentown</u>, 651 F.Supp. 1046 (E.D. Pa. 1987)
    *aff'd* 853 F.2d 1111 (3d Cir. 1988) ………………………………………...6

<u>Gallo v. City of Philadelphia</u>, 161 F.3d 217 (3d Cir. 1998) ……………………10

<u>Gilles v. Davis</u>, 427 F.3d 197 (3rd Cir. 2005) ......................................................20

<u>Gonzalez v. Romanisko</u>, 744 F.Supp. 95, *aff'd*.,
    941 F.2d 1201 (3d Cir.1990) ……………………………………………22

<u>Groman v. Twp. of Manalapan,</u> 47 F.3d 628 (3d Cir. 1995) ……………………15

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982) ....................................................18, 20

<u>Hunter v. Bryant</u>, 502 U.S. 224 (1991) ..............................................................20

<u>Hutchinson Ex. Re. Hutchinson v. Luddy</u>, 870 A.2d 766 (Pa. 2005) …………..21

<u>In re Burlington Coat Factory Sec. Lit.</u>, 114 F.3d 1410 (3d Cir. 1997) …………9

<u>Jordan v. Fox, Rothschild, O'Brien and Frankel, Inc.,</u>
    20 F.3d 1250 (3d Cir. 1994) ......................................................................4

<u>Keenan v. City of Philadelphia</u>, 983 F.2d 459 (3rd Cir. 1992)…………………..8

<u>Kneipp v. Tedder,</u> 95 F.3d 1199 (3d Cir. 1996) ………………….………………6

Kossler v. Crisanti, 564 F.3d 181 (3d Cir.2009) ……………………………10, 11

Kulwicki v. Dawson, 969 F.2d 1454 (3d Cir. 1992) ……………………………6

Malleus v. George, 641 F.3d 560 (3d Cir. 2011) …………………………….5

Malley v. Briggs, 475 U.S. 335 (1986) ...............................................................18

McLaughlin v. Watson, 271 F.3d 556, 571 (3d Cir. 2001) .................................20

Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782 (3rd Cir. 2000) ……………..13

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 905 (3d Cir. 1997) …………..4

Murray v. Pittsburgh Bd. of Pub. Educ., 919 F. Supp. 838 (W.D. Pa. 1996) …….8

Myers v. Ridge, 712 A.2d 791 (Pa.Cmwlth. 1998)………………………………..8

Pearson v. Callahan, 555 U.S. 223 (2009) ……………………………………….20

Penberth v. Krajnak, 2008 WL 509174 (M.D. Pa. Feb. 21, 2008) ………………10

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
      998 F.2d 1192 (3d Cir. 1993) ………………………………………………..8

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) …………………..5

Reichle v. Howards, 566 U.S. 658 (2012) ………………………………………17

Sample v. Diecks, 885 F.2d 1099 (3rd Cir. 1969) ………………………………7

Saucier v. Katz,533 U.S. 194 (2001) .................................................................19

Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014) …………………………………9

Sherwood v. Mulvihill, 113 F.3d 396 (3d Cir. 1997) …………………………..12

Slappo v. J's Development Association, Inc., 791 A.2d 409 (Pa.Super. 2002) …21

Timko v. City of Hazleton, 665 F. Supp. 1130 (M.D. Pa. 1986) ………………7

United Artists Theatre Circuit, Inc., v. Twp. of Carrington,
      316 F.3d 392 (3d Cir.2003) …………………………………………14

Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989) ………………………..14

Washington v. Davis, 426 U.S. 229 (1976) …………………………………..8

Wright v. City of Philadelphia, 409 F.3d 595 (3d Cir. 2005) …………………..15

## Constitutional Provisions

U.S. Const. amend. I..........................................................................3, 17

U.S. Const. amend. IV.......................................................................3,13

U.S. Const. amend. XIV............................................................3, 7, 13, 14

## Federal Statutes

42 U.S.C. §1983........................................................5, 6, 9, 13, 14, 19, 21

## Federal Rules

Federal Rule of Civil Procedure 12(b)(6) ........................................................2, 4

Federal Rule of Civil Procedure 12(e )...........................................................22

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN GERHART, ELISE GERHART, ALEX LOTORTO & ELIZABETH GLUNT | CIVIL ACTION NO. 1-17-cv-01726-YK |
| Plaintiffs. | ELECTRONICALLY FILED |
| vs. | JURY TRIAL DEMANDED |
| ENERGY TRANSFER PARTNERS, L.P.; SUNOCO PIPELINE, L.P.; TIGERSWAN, LLC; NICK JOHNSON; LIEUTENANT WILLIAM BENSON; TROOPER MICHAEL EHGARTNER; TROOPER DUNSMORE; UNNAMED TROOPERS #1-10; SHERIFF WILLIAM WALTERS; DEPUTY SHERIFF DOE; DEPUTY SHERIFF POE; DEPUTY SHERIFF ROE; and UNNAMED DEPUTY SHERIFFS #1-10 | |
| Defendants. | |

## BRIEF IN SUPPORT OF THE MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

NOW COMES Defendants, SHERIFF WILLIAM WALTERS; DEPUTY

SHERIFF DOE; DEPUTY SHERIFF POE; DEPUTY SHERIFF ROE

("Sheriff/Deputies") by and through their counsel, Mary Lou Maierhofer, Esquire

of the law firm of Margolis Edelstein pursuant to Federal Rules of Civil Procedure

12(b)(6) and files this Brief in Support of their Motion to Dismiss Plaintiffs'
Complaint of which the following is a statement.

## I.   STATEMENT OF THE CASE

Plaintiffs are Ellen Gerhart, Elise Gerhart, Alex Lotorto and Elizabeth Glunt.
("Plaintiffs") (Complaint, ¶¶3-5) Ellen Gerhart is identified as having owned the
subject property with her husband Stephen.  (Id., ¶12)

Sheriff William Walters, Deputy Sheriff Doe, Deputy Sheriff Poe, Deputy
Sheriff Roe were "members of the Huntingdon County Sheriff's Department."
("Sheriff/Deputies") (Id., ¶8)     Plaintiffs also identify "Unnamed Deputy Sheriffs
#1-10" as "members of the Huntingdon County Sheriff's Department."  (Id., ¶9)

Plaintiffs reference a "March 28, 2016, Huntingdon County Court of
Common Pleas" Order throughout their Complaint but fail to attach this document
to their pleading.  (Id., ¶15, et al.)   Attached as hereto is a copy of the subject
March 28, 2016 Order. (See Exhibit "1" attached hereto and incorporated as if
fully set forth at length.) Plaintiffs also referenced an affidavit in support of an
arrest of Plaintiff Alex Lotorto ("Lotorto") but did not attach a copy which is not a
document in possession of Sheriff/Deputies. (Complaint, ¶35)

Lotorto and Glunt are the only two Plaintiffs who are making Constitutional
claims against the Sheriff/Deputies.

## II.    SUMMARY OF THE ARGUMENT

Lotorto and Glunt are the only Plaintiffs who have alleged causes of action against Sheriff William Walters, Deputy Sheriff Doe, Deputy Sheriff Poe, and Deputy Sheriff Roe.  The malicious prosecution cause of action by Lotorto against Sheriff Walters and Deputy Sheriff Doe lacked the factual elements as a matter of law.

Lotorto and Glunt have alleged false arrests as their rights were violated under the Fourth and Fourteenth Amendments.  The facts as alleged by both Plaintiffs defeat those constitutional claims against Sheriff Walters and Deputy Sheriff Doe as well as Deputy Sheriffs Poe and Roe

Additionally, Lotorto and Glunt argue that their First Amendment rights and Fourteenth Amendment were violated.  Their own facts defeat this claim against the Sheriff/Deputies as they cannot meet the necessary elements to proceed further.

Plaintiffs have also failed in their attempts to set forth a claim for punitive damages against the Sheriff/Deputy Defendants.

In the alternative, Plaintiffs lack the necessary information and facts as against the Sheriff/Deputies to "prepare a response" to the Complaint as such should be required to amend their pleading. This is especially true as to the "Unnamed Deputy Sheriffs #1-10" in which there were no specific allegations

made against them.

## III.    STANDARDS

## A.    Standard of Review for Granting a Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a

complaint, in whole or in part, if it fails to set forth a claim upon which relief can

be granted.  In considering a Fed.R.Civ.P. 12(b)(6) motion, the court is required to

accept as true all allegations in the complaint and all reasonable inferences that can

be drawn from them after construing them in the light most favorable to the non-

movant.  Jordan v. Fox, Rothschild, O'Brien and Frankel, Inc., 20 F.3d 1250, 1261

(3d Cir. 1994).

A court is not, however, required to credit or lend credence to "bald

allegations" or "legal conclusions."  Morse v. Lower Merion Sch. Dist., 132 F.3d

902, 905 (3d Cir. 1997).  While "detailed factual allegations" are not required, "a

plaintiff's obligation to provide the 'ground' of his 'entitlement to relief' requires

more than labels and conclusions, and a formulaic recitation of a cause of action's

element will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(*internal citations omitted*).  The test for the Court at the motion to dismiss stage is

"normally broken into three parts: (1) identifying the elements of the claim, (2)

reviewing the complaint to strike conclusory allegations, and then (3) looking at

the well-pleaded components of the complaint and evaluating whether all of the

elements identified in part one of the injury are sufficiently alleged." Malleus v.

George, 641 F.3d 560, 563 (3d Cir. 2011)

A court must determine whether the plaintiff has set forth "enough facts to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.   In

Ashcroft v. Iqbal, 556 U.S. 662 (2009), the U.S. Supreme Court explained:

> Two working principles underlie our decision in Twombly. First, the
> tenet that a court must accept as true all of the allegations contained in
> a complaint is inapplicable to legal conclusions. Threadbare recitals of
> the elements of a cause of action, supported by mere conclusory
> statements, do not suffice. Id., at 555, 127 S.Ct. 1955...........Second,
> only a complaint that states a plausible claim for relief survives a
> motion to dismiss. Id., at 556, 127 S.Ct. 1955.
>
> Iqbal, 129 S.Ct. at 1950.

The Supreme Court affirmed the plausibility standard applies to all types of

cases.   Iqbal, 129 S.Ct. at 1953.   In Phillips v. County of Allegheny, 515 F.3d 224

(3d Cir. 2008), the Court held the Twombly decision applies to civil rights cases.

**B.**      **Standard for a Civil Rights Claim**.

Plaintiffs allege violations of their rights under 42 U.S.C. §1983 as against

the Sheriff/Deputies.   §1983 does not itself contain any substantive provisions, thus

a court must examine the facts alleged to determine whether any federally

protected right of a plaintiff has been violated. Ferry v. Bergbigler, 615 F. Supp. 90

(W.D. Pa. 1985).   Not every state law tort becomes a federally cognizable "constitutional tort" under §1983 just because it is committed by a state actor. Baker v. McCollan, 443 U.S. 137, 146 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976).

To state a cause of action under §1983, a plaintiff must show a deprivation of a constitutional right and it was caused by a person acting under the color of state law.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  The initial step in evaluation a §1983 claim is to "identify the exact contours of the underlying right said to have been violated" and then determine "whether the plaintiff has alleged a deprivation of a constitutional right at all."  County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998).   A plaintiff trying to establish a constitutional violation must show that the official's conduct "shocks the conscience" in the particular setting in which that conduct occurred. Id.

A plaintiff cannot prove a violation of the underlying constitutional right by only alleging negligent conduct of a governmental official. Id. at 330, 106 S.Ct. at 664. Freedman v.  City of Allentown, 651 F.Supp. 1046 (E.D. Pa. 1987) aff'd 853 F.2d 1111 (3d Cir. 1988) (A violation of state tort law is insufficient to state a claim under §1983); Kulwicki v. Dawson, 969 F.2d 1454 (3d Cir. 1992) (§1983 is not applicable to causes of action based upon the mere negligent conduct of a

defendant); <u>Timko v. City of Hazleton</u>, 665 F. Supp. 1130 (M.D. Pa. 1986).

1.    **Causes of Action Under 42 U.S.C. 1983 (Fourteenth Amendment)**

    **a.    Due Process**

The Fourteenth Amendment of the United States declares that no "state [shall] deprive any person of life, liberty or property without due process of law..." <u>U.S. Const. amend. XIV</u>.   To state a claim for a violation of the Fourteenth Amendment Due Process Clause, a plaintiff must allege: (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendants subjected him or caused him to be subjected to this deprivation without due process; (4) that the defendants were acting under color of state law and that he or she suffered an injury as a result of this deprivation without due process.  <u>Sample v. Diecks</u>, 885 F.2d 1099 (3rd Cir. 1969).

    **b.    Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment states that no state shall deny any person within its jurisdiction the equal protection of the laws. <u>U.S. Const. amend. XIV</u>.  This provision embodies the general rules that "all persons similar situated should be treated alike."  <u>City of Cleburne, Tex v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985).   In order for a plaintiff to prevail on an equal protection claim, he must demonstrate (1) that he was treated

differently from other similarly-situated individuals and (2) that the disparate

treatment was because of his membership in a particular class. <u>Myers v. Ridge</u>, 712

A.2d 791 (Pa.Cmwlth. 1998).  A plaintiff may not merely demonstrate that he was

treated differently on an individual basis. <u>Murray v. Pittsburgh Bd. of Pub. Educ.</u>,

919 F. Supp. 838 (W.D. Pa. 1996). In demonstrating these assertions, a plaintiff

must present specific factual allegations. <u>Myers</u>, at 799.

A plaintiff must allege purposeful discrimination. <u>Keenan v. City of

Philadelphia</u>, 983 F.2d 459, 465 (3rd Cir. 1992).  A plaintiff must also allege and

then prove that the defendants intended to discriminate.  <u>Washington v. Davis</u>, 426

U.S. 229 (1976).  Finally, a plaintiff must show disparate impact plus some

additional "indicia of purposeful discrimination."  <u>Cmwlth.of Pa. v. Flaherty</u>, 983

F.2d 1267 (3rd Cir. 1993).

## C.   Consideration of Documents Other Than What Are Attached to Plaintiffs' Pleading.

In <u>Casselli v. City of Philadelphia</u>, 54 F.Supp.3d 368, 372 (E.D. Pa. 2014),

the Court summarized when consideration could be given to documents attached to

a defendant's motion to dismiss.

> When faced with a motion to dismiss, "courts generally consider only
> the allegations in the complaint, exhibits attached to the complaint [,]
> and matters of public record." <u>Pension Benefit Guar. Corp. v. White
> Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  However, 'a
> court may consider an undisputedly authentic document that a

Defendant attaches as an exhibit to a motion to dismiss if the Plaintiff's claims are based on the document.' *Id.* As the Third Court Circuit explained, "[t]he rationale underlying this exception is that the primary problem raised by looking to the documents outside the complaint – lack of notice to the Plaintiff – is disputed where the Plaintiff has actual notice…and has relied upon these documents in framing the complaint." In re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).

Matters of public record attached to a motion to dismiss permit the court to take judicial notice of the same. Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014). The Exhibit attached to the Defendants' Motion to Dismiss is public record. Plaintiffs reference this Order in their Complaint as part of their theories against the Sheriff/Deputies. It is appropriate for this Court to consider the Exhibit attached to this Motion to Dismiss.

## IV.   ARGUMENTS

### A.   Failure to State a Claim for Malicious Prosecution.

Lotorto has alleged a violation of his Fourth and Fourteenth Amendment rights for malicious prosecution against Sheriff Walters and Deputy Sheriff Doe for the events that occurred on March 28, 2016. (Complaint, ¶30, Count One)

To prevail on a §1983 malicious prosecution claim, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; 4) the defendants acted maliciously or for a purpose other than bringing the

plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir.2009) (*quoting* Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

A federal malicious prosecution a claim arises from the prosecution not the arrest, thus, the claim arises after the pressing of charges.  Basile v. TWP of Smith, 752 F. Supp. 2d 643, 659 (W.D. Pa. 2010) (*citing* Penberth v. Krajnak, 2008 WL 509174, at *17-18) (M.D. Pa. Feb. 21, 2008).  The "type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (*citing* Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998).

Lotorto alleges a "malicious prosecution" under Count I against Walters and Deputy Doe.  According to Lotorto he approached "Sheriff William Walters to discuss, among other things, safety concerns that were raised by the manner in which the tree-cutting was conducted." (Complaint, ¶28).  He then alleges that he was "using a walkie-talkie" to "communicate with demonstrators…" (Id., ¶29) Lotorto then alleges that "Deputy Sheriff Doe read the Order to Alex, and then he was cuffed and placed in a State Police patrol car."  (Id., ¶32) Lotorto argues that

Sheriff Walters and Deputy Sheriff Doe "knew that Lotorto had not entered the easement, or otherwise contravened the Order at any time." (Id., ¶33) He then claims that he was charged with "disorderly conduct and criminal contempt" and that Sheriff Walters and Deputy Sheriff Doe "falsely swore in an affidavit" various actions. (Id., ¶¶34-36) While Lotorto references this "affidavit" such is not attached as a document to his Complaint. He then claims that there was a "agreement" between the state police Sheriff Walters and Deputy Sheriff Doe to charge him with a "misdemeanor rather than a summary offense." (Id., ¶36)

In the analysis under the factors established in Kossler, a police officer may be considered to have initiated criminal proceeding if he/she provides false information used to initiate the criminal proceeding. Brockington v. City of Philadelphia, 354 F. Supp. 2d. 563, 569 (E.D. Pa. 2005). There is no affidavit to support the alleged misstatements made by either Sheriff Walters or Deputy Doe which is strange since he quotes from the document. Lotorto has not met the first element. This is where the analysis could be stopped but in the event if this Court believes otherwise, the following is the analysis for the remaining elements for a malicious persecution claim.

As to the second element, he admits that the charges were dropped so that it

is also in his favor at this stage of the litigation.[1]  Additionally, since he alleges that

he was in jail from March 28, 2016 until April 1 when his bail was reduced he has

met the fifth element as well.  (Complaint ¶¶39-40)

However, the third element which is the initiation without probable cause is

defeated by Lotorto's own facts.  He admits that he approached the police officers.

(Id., ¶28) Based upon a broad reading of the Court's Order of March 28, 2016 he in

fact violated the same.  If Lotorto is challenging the validity of the police officers'

affidavits then he must meet the two-part test developed by the Supreme Court in

Franks v. Delaware, 438 U.S. 154, 155-56 (1978); *See also* Sherwood v. Mulvihill,

113 F.3d 396, 399 (3d Cir. 1997).  Under the Franks analysis, a Plaintiff must

prove by a preponderance of the evidence: "(1) that the affiant knowingly and

deliberately, or with a reckless disregard for the truth, made false statements or

admissions that create a falsehood and applying for a warrant, and (2) that such

statements or admissions are material, or necessary, to the finding of probable

cause."  Id.  Again, based on Lotorto's own factual recitation he was on the

property and had approached the officers.  Regardless of what the defendant

Sheriff Walters and/or Sheriff Doe put in the affidavit, his argument fails, and he is

left with no claim for malicious prosecution.

---

[1] Many of the demonstrators that where arrested participated in ARD program and then
had their records expunged.  It is unknown currently if this Plaintiff was one of those individuals.

In the matter *sub judice* if taking the facts solely based on Lotorto's allegations, he has not met all the necessary element under the malicious prosecution claim.  He not only bases his 42 U.S.C. §1983 claim on the Fourth Amendment but also on the Fourteenth Amendment.  He has failed to articulate what constitutes his §1983 claim based on a Fourteenth Amendment violation.  There are no facts to evidence or support his §1983 claim based on the Fourteenth Amendment it has to be a due process not equal protection argument.  Applying a Fourteenth Amendment substitutive process analysis, the United States Supreme Court has "held that a claim of malicious prosecution under [§]1983 to not be based on substitutive process considerations, but instead must be based on a provision of the Bill of Rights providing 'an explicit textural source of constitutional protection.'"  Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 792 (3rd Cir. 2000) (quoting Albert v. Oliver, 510 U.S. 266, 273 (1994)).

Lotorto's allegations fail to meet all of the elements necessary to satisfy the standard for malicious prosecution, thus this cause of action should be dismissed against Sheriff Walters and Deputy Doe.  No amount of amending will rectify the deficiencies.

**B.      Failure to State a Claim for False Arrest.**

The Fourth Amendment to the United States Constitution prohibits an arrest

without probably cause thus is a constitutional violation actionable under §1983. Walmsley v. Philadelphia, 872 F.2d 546, 551 (3d Cir. 1989); U.S. Const. amend. IV.  A plaintiff may establish a Fourth Amendment violation for false arrest where: (1) if he is seized for Fourth Amendment purposes; and (2) if that seizure was unreasonable, i.e., made without probable cause.  Berg v. County of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000).

For a Fourteenth Amendment claim, "the core of the concept of due process is protection against arbitrary and... only the most egregious official conduct can be said to be arbitrary in the constitutional sense." United Artists Theatre Circuit, Inc., v. Twp. of Carrington, 316 F.3d 392, 399 (3d Cir.2003) (*quoting* County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998)) (internal quotations marks omitted.) The Third Circuit's "cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience but that the meaning of this standard varies depending on the factual context." United Artists, 316 F.3d at 399-400.

Lotorto alleged a false arrest civil rights violation under the Fourth and Fourteenth Amendments against Sheriff Walters and Deputy Sheriff Doe. (Complaint, Count Two).  Additionally, Glunt has raised a false arrest under the Fourth and Fourteenth Amendments against Deputy Sheriff Poe and Roe.

14

To be successful on a claim of false arrest, a plaintiff must show that "the police lacked probable cause to arrest" him/her. <u>Groman v. Twp. of Manalapan,</u> 47 F.3d 628, 634 (3d Cir. 1995) "It is irrelevant to the probable cause analysis what crime a suspect is eventually charged with," because "[p]robable cause need only exist as to any offense that could be charged under the circumstances." <u>Wright v. City of Philadelphia</u>, 409 F.3d 595, 602 (3d Cir. 2005) (quoting <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 819 (3d Cir. 1994)).

Once again based upon Lotorto's own facts and allegations he admitted that he approached Lieutenant William Benson and Sheriff William Walters…" (Complaint ¶28) While he claims, "at all times the discussion was calm and respectful," it should be noted that based upon that admission, he violated the very broad March 28, 2016 Order by approaching the officers.  Further, he admits to "using a "walkie-talkie…to communicate with demonstrators…" (<u>Id</u>., ¶29) While he professes to have been outside the easement and was not "directing anyone to interfere with Sunoco's access to the easement or its activities within the easement" he still was "otherwise interfering in any way" with the work being performed at the site by his mere activities based upon the very broad language in the March 28, 2016 Court Order. (Exhibit "1")

Glunt's claims against Deputy Sheriffs Poe and Roe also fail to satisfy any

constitutional violations.  The March 28, 2016 Order specifically stated, "Any and all parties or persons acting in concert with them (Stephen Gerhart and Ellen Gerhart) as well as any and all persons on property owned by Stephen and Ellen Gerhart or in the vicinity thereof…"  (Exhibit "1")

Glunt claims Deputy Sheriffs Poe and Roe "informed her that she had violated the Order despite knowing that was not true, and arrested her." (Complaint, ¶50).  She then claims that Deputy Sheriffs Poe and Roe "further falsely swore that she had persisted in her conduct 'after reasonable warning or request to desist.'"  (Id. ¶52).

Glunt admits that she entered the right-of-way on March 29, 2016, which clearly violated the March 28, 2016 order regardless of her professing that she "at no time interfered with the operations in the right-of-way."  (Id., ¶45).  She also claims she was not a party to the "issuance of the order, she was not aware of the Order when she entered the right-of-way area."  (Id. ¶47).  Yet, she "agreed to participate in ARD, and successfully completed it, charges against Glunt were dismissed." (Id., 58)

Glunt's own admissions evidence that it was not a false arrest as she entered an ARD program.  Based on the facts and as a matter of law, Glunt has not and cannot set forth a valid false arrest claim against Deputy Sheriffs Poe and Roe.

**C.**     **Failure to State a Claim for First Amendment Violations.**

Lotorto is alleging a First Amendment civil rights violation against Sheriff Walters and Deputy Sheriff Doe.  Glunt has raised a First Amendment claim against Deputy Sheriffs Poe and Roe.  Lotorto and Glunt are alleging that they were arrested based upon their protected speech which was a "retaliatory arrest" claim against Sheriff Walters and Deputy Sheriffs Doe, Poe and Roe.

In order to establish a First Amendment rights by retaliation Lotorto and Glunt must show: (1) that they engaged in protected activity; (2) that the government responded with retaliation; and (3) that the protected activity was the cause of the retaliation.  Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003).  *See also* Anderson v. Davila 125 F.3d 148, 161 (3d Cir.1997).  The United States Supreme Court held that police are "immune from suit for allegedly arresting a suspect in retaliation for his [protected conduct], when the agent had probable cause to arrest the suspect from committing a …crime." Reichle v. Howards, 566 U.S. 658, 664-665 (2012).

Lotorto and Glunt have not met the prima facie claim of retaliation.  They admit that at the time of their actions there was tree cutting being conducted. (Complaint, ¶¶28, 29, 44 and 45).  In fact, Glunt stated, "When she left the right of way area, Glunt was stopped by Deputy Sheriffs Poe and Roe."  (Id., ¶46).  She

also admitted that she entered the right of way.  (Id., ¶¶47, 48).  The Lotorto and

Glunt's own factual recitation defeat any claim regarding a First Amendment

retaliation claim.  The "government" or officers did not respond to the protected

activity but in fact responded to first the safety of the Plaintiffs as trees were

crashing down in and around the easement and second violating a court order that a

Common Police Judge ordered them to "enforce."  (Exhibit "1")  Quite frankly, the

Sheriff/Deputies who are members of the community did not want to be involve

with the arresting of any of the Plaintiffs but were forced into to the situation by

Plaintiffs' own bad judgment and behavior.

**D.** **Sheriff/Deputies Are Protected from this Litigation Under the Doctrine of Qualified Immunity**.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982),

established that "governmental officials performing discretionary functions

generally are shielded from liability for civil damages insofar as their conduct does

not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." Id.  Courts have expressed a concern over

"the deterrent effect that civil liability may have on the willingness of public

officials to fully discharge their professional duties."  Malley v. Briggs, 475 U.S.

335, 341 (1986).  Qualified immunity protects "all but the plainly incompetent or

those who knowingly violate the law." Id.

To determine whether qualified immunity applies, first it must be determined what, if any, constitutional right has allegedly been violated under the existing law.  Next, it must be shown that the allegedly violated constitutional right was clearly established.  Finally, the law must be sufficiently clear such that a reasonable official would have understood that his acts or omissions violated that clearly established right.  Dickerson v. McClellan, 101 F.3d 1151, 1157-58 (6th Cir.1996).

This qualified immunity "shields" public officials when performing discretionary functions from §1983 liability.  Abbott v. Lat Shaw, 164 F.3d 141, 148 (3rd Cir. 1998) When it attaches, the privilege of qualified immunity "is an immunity from suit rather than a mere defense to liability."  Saucier v. Katz, 533 U.S. 194, 200-01 (2001).

If a federal right would be violated based on plaintiff's allegations, the court must then determine whether the federal right alleged to be violated was clearly established to a degree of particularity within the context of the case at issue.  Id. at 201.   A broad and generalized declaration that a clearly established federal right was violated is insufficient.  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  In order for a right to be clearly established "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing

violates that right.  Id.  "Qualified immunity encompasses mistaken judgments that are not plainly incompetent." Gilles v. Davis, 427 F.3d. 197, 207 (3d Cir.2005) (citing, Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

Even mistaken judgments are protected as long as they do not violate clearly established statutory or constitutional right of which a reasonable person would have been aware of such. Harlow, supra. 457 U.S. at 818; Gilles v. Davis, 427 F.3d 197, 203 (3d Cir. 2005) In determining whether an official violated a clearly established right in the context of a §1983 claim, a court must first ask whether the plaintiff has asserted a violation of a constitutional right at all. McLaughlin v. Watson, 271 F.3d 556, 571 (3d Cir. 2001).

 "[Q]ualified immunity applies regardless of whether the government official's error is a mistake of law, mistake of fact, or mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 232 (2009) Unless the facts pled plausibly establish that the Sheriff/Deputies were "plainly incompetent" or "knowingly violated the law," qualified immunity must apply. Hunter v. Bryant, 502 U.S. 224, 229 (1991)

Sheriff Walters and Deputy Sheriffs Doe, Roe and Poe are entitled to qualified immunity based on the allegations pled in the Compliant as their actions were, always objectively reasonable, and, even if a mistake were made as to

probable cause, such a reasonable mistake is not actionable.   They were out in the woods trying to enforce an Order of Court while tree-cutting was occurring around them. (Complaint, Exhibit "A") Their actions, if in error, allow them the protection of qualified immunity under the facts pled in the Complaint.

## E.    Motion to Strike (Punitive Damages)

It is settled in the law that "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 485 A.2d 742 (Pa. 1984). Negligence or even gross negligence, is not sufficient to establish a right to punitive damages.  Slappo v. J's Development Association, Inc., 791 A.2d 409, 417 (Pa.Super. 2002)  A plaintiff must establish that a defendant "(1) had subjective appreciation of the risk of harm to which [Plaintiffs were] exposed," and (2) a defendant "acted, or failed to act, in conscious disregard of that risk." Hutchinson Ex. Re. Hutchinson v. Luddy, 870 A.2d 766, 770 (Pa. 2005) A court must not review the end result, but must review a defendant's conduct and state of mind to determine if such actions were outrageous and punitive damages are proper.  Feld, 485 A.2d at 748.   In a §1983 civil action:

> A jury may be permitted to assess punitive damages . . .
> when the defendant's conduct is shown to be motivated
> by evil motive or intent, or it involves reckless or careless
> indifference to the federally protected rights of others.

Feldman v. Philadelphia Housing Authority, 43 F.3d 823, 833 (3d. Cir.1994);

Smith v. Wade, 461 U.S. 30, 56 (1983).  *See also* Gonzalez v. Romanisko, 744

F.Supp. 95, *aff'd*., 941 F.2d 1201 (3d Cir.1990) (holding that plaintiffs were not

entitled to punitive damages as there was no evidence that the police conduct was

motivated by evil motive or intent, or reckless indifference to their rights).

Plaintiffs demand punitive damages Under Section VII. "Prayer for Relief"

in their Complaint.  However, a review of the causes of action reflect that they are

missing essential facts and law to establish her claim for punitive damages as

against the Sheriff/Deputies. The facts as pled to not rise to the appropriate level to

support a punitive claim.   Therefore, Plaintiffs have failed to set forth the

necessary facts and/or elements to allow for a claim of punitive damages and such

must be stricken.

## F.    More Definite Statement Under Rule 12(e)

Federal Rules of Civil Procedure Rule 12(e) states in part, "A party may

move for a more definite statement of a pleading to which a responsive pleading is

allowed but which is so vague or ambiguous that the party cannot reasonably

prepare a response."  In the alternative of this Honorable court denying the motion

to dismiss, it is respectfully requested that an order be entered for Plaintiffs to set

forth the specific facts and identify the unnamed individuals for which they are

making claims.  There is insufficient information to respond let alone identify who the "Unnamed Deputy Sheriffs #1-10" are for purposes required under the Federal Rules.  Thus, it is requested that the "Unnamed Deputy Sheriffs # 1-10" be stricken from the caption and litigation.

## V.    CONCLUSIONS

For all the foregoing reasons, the Sheriff/Deputies respectfully request this Honorable Court dismiss the Complaint with prejudice and deny the Plaintiffs the opportunity to amend their pleading since amending it would be futile.

**MARGOLIS EDELSTEIN**

By:   /s/ Mary Lou Maierhofer
    **Mary Lou Maierhofer, Esquire**
    Attorney for Defendants
    SHERIFF WILLIAM WALTERS; DEPUTY
    SHERIFF DOE; DEPUTY SHERIFF POE; and
    DEPUTY SHERIFF ROE
    mmaierhofer@margolisedelstein.com
    P.A. I.D. No.: 62175
    P.O. Box 628
    Hollidaysburg, PA  16648
    (814) 695-5064
    Fax: (814) 695-5066

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief is in compliance with the word limitation pursuant to the Local Rule 7.8(b)(2).  The brief consists of 4848 words (exclusive of cover, captions, headings, table of contents, table of authorities, indexes and certifications).

*s/ Mary Lou Maierhofer*
**MARY LOU MAIERHOFER, ESQUIRE**

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN GERHART, ELISE GERHART, ALEX LOTORTO & ELIZABETH GLUNT<br><br>Plaintiffs.<br><br>vs.<br><br>ENERGY TRANSFER PARTNERS, L.P.; SUNOCO PIPELINE, L.P.; TIGERSWAN, LLC; NICK JOHNSON; LIEUTENANT WILLIAM BENSON; TROOPER MICHAEL EHGARTNER; TROOPER DUNSMORE; UNNAMED TROOPERS #1-10; SHERIFF WILLIAM WALTERS; DEPUTY SHERIFF DOE; DEPUTY SHERIFF POE; DEPUTY SHERIFF ROE; and UNNAMED DEPUTY SHERIFFS #1-10<br><br>Defendants. | CIVIL ACTION NO. 1-17-cv-01726-YK<br><br>ELECTRONICALLY FILED<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Mary Lou Maierhofer, Esquire of the law firm of Margolis Edelstein, hereby certify that on the 28th day of November 2017, I have served the Brief in Support of the Motion to Dismiss upon Counsel for the Plaintiffs and Defendants by electronic mail and non- represented parties by U.S. Postal Service as follows:

Christopher Markos, Esquire
WILLIAMS CEDAR LLC
1515 Market Street
Suite 1300
Philadelphia, PA 19102-1929
cmarkos@williamscedar.com

Alan R. Boynton, Jr., Esquire
MCNEESWALLACE&NURICKLLC
100 Pine Street
Harrisburg, PA 17101
aboynton@ncneeslaw.com

Lindsay Bedell, Esquire
Deputy Attorney General
PA Office of Attorney General
15th Floor, Strawberry Squire
Harrisburg, PA  17120
lbedell@attorneygeneral.gov

TigerSwan, LLC
3467 Apex Peakway
Apex, NC 27502

Nick Johnson
313 Forbush Mountain Drive
Chapel Hill, NC. 27514

## MARGOLIS EDELSTEIN

By:   /s/ Mary Lou Maierhofer
      **Mary Lou Maierhofer, Esquire**
      Attorney for Defendants SHERIFF WILLIAM
      WALTERS; DEPUTY SHERIFF DOE; DEPUTY
      SHERIFF POE; and DEPUTY SHERIFF ROE
      mmaierhofer@margolisedelstein.com
      P.A. I.D. No.: 62175
      P.O. Box 628
      Hollidaysburg, PA  16648
      (814) 695-5064
      Fax: (814) 695-5066