## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELLEN GERHART, ELISE GERHART, ALEX LOTORTO** *and* **ELIZABETH GLUNT,** | : | **No. 1:17-CV-1726** |
| | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | **Judge Kane** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **ENERGY TRANSFER PARTNERS, et al.,** | : | |
| | : | *Complaint Filed 09/25/17* |
| **Defendants** | : | |

### PSP DEFENDANTS' ANSWER
### WITH AFFIRMATIVE DEFENSES

Defendants, Benson, Ehgartner, and Dunsmore, of the Pennsylvania State Police ("PSP"), hereby submit the following answers to Plaintiff's Amended Complaint:

## I.     INTRODUCTION

There is an introductory section containing legal conclusions and prayers for relief to which no responsive pleading is required. To the extent this section is deemed to contain factual averments, the averments are denied.

## II.     JURISDICTION AND VENUE

1.     This paragraph states a legal conclusion to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual averments, the averments are denied.

2.     This paragraph states a legal conclusion to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual averments, the averments are denied.

## III.   <u>PARTIES</u>

3.     Denied. After a reasonable investigation, Defendants are without sufficient information or knowledge to admit or deny the allegations. Therefore, the allegations are denied.

4.     Admitted in part, denied in part. It is admitted that Lotorto was on the property. After a reasonable investigation, Defendants are without sufficient information or knowledge to admit or deny the remaining allegations. Therefore, the allegations are denied.

5.     Admitted in part, denied in part. It is admitted that Glunt was on the property. After a reasonable investigation, Defendants are without sufficient information or knowledge to admit or deny the remaining allegations. Therefore, the allegations are denied.

6.     (A)-(E). Denied. After a reasonable investigation, Defendants are without sufficient information or knowledge to admit or deny the allegations. Therefore, the allegations are denied.

7.     Admitted in part, denied in part. It is admitted that Benson, Ehgartner, and Dunsmore are, or were, employed by the PSP. The remainder of this paragraph

states a legal conclusion to which no responsive pleading is required. To the extent

this paragraph is deemed to contain factual averments, the averments are denied.

8.    This paragraph is not applicable to PSP Defendants.

9.    Denied.

10.    This paragraph is not applicable to PSP Defendants.

11.    This paragraph is not applicable to PSP Defendants.

## IV.   **FACTUAL ALLEGATIONS**

12.    Denied.

13.    Denied. By way of further response, any documents on the court docket

will speak for itself. Therefore, Plaintiff's characterization thereof is denied.

14.    Denied. By way of further response, any documents on the court docket

will speak for itself. Therefore, Plaintiff's characterization thereof is denied.

15.    Denied. By way of further response, any documents on the court docket

will speak for itself. Therefore, Plaintiff's characterization thereof is denied.

16.    Denied. By way of further response, any documents on the court docket

will speak for itself. Therefore, Plaintiff's characterization thereof is denied.

17.    Denied. By way of further response, any documents on the court docket

will speak for itself. Therefore, Plaintiff's characterization thereof is denied.

18.    Denied. By way of further response, any documents on the court docket

will speak for itself. Therefore, Plaintiff's characterization thereof is denied.

19.     Denied. This paragraph refers to writings that will speak for themselves. Therefore, Plaintiff's characterization thereof is denied.

20.     Denied.

21.     Denied. By way of further response, any documents on the court docket will speak for itself. Therefore, Plaintiff's characterization thereof is denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied. By way of further response, any documents on the court docket and the Constitution will speak for themselves. Therefore, Plaintiff's characterization thereof is denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied. By way of further response, this paragraph refers to written documents that speak for themselves. Therefore, any characterization thereto by Plaintiffs is denied.

36.     Denied. By way of further response, this paragraph refers to written documents that speak for themselves. Therefore, any characterization thereto by Plaintiffs is denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.    Denied.

52.    Denied. By way of further response, this paragraph refers to written documents that speak for themselves. Therefore, any characterization thereto by Plaintiffs is denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Admitted.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

98.    Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

99.    Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

104.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

105.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

106.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

107.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

108.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

109.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

110.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

111.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

112.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

113.   Denied.

114.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

115.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

116.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

117.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

118.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

119.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

120.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

121.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

122.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

123.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

124.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

125.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

126.   Denied. This paragraph refers to a written document, which speaks for itself. Therefore, any characterization thereto is denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   (a)-(f). Denied.

131.   Denied.

132.   Denied.

## V.   CAUSES OF ACTION

## COUNT ONE

**42 U.S.C. § 1983 (Malicious Prosecution)**
**Lotorto v. Ehgartner and Benson**
**Ellen Gerhart v. Dunsmore**

133.   Defendants incorporate their previous responses to paragraphs 1 through 132 as though set forth at length herein.

134.   Denied.

## COUNT TWO

### 42 U.S.C. § 1983 (False Arrest)
### Lotorto v. Ehgartner and Benson
### Ellen Gerhart v. Dunsmore

135.   Defendants incorporate their previous responses to paragraphs 1 through 134 as though set forth at length herein.

136.   Denied.

137.   Denied.

## COUNT THREE

### 42 U.S.C. § 1983 (Equal Protection)
### Elise Gerhart v. Dunsmore

138.   Defendants incorporate their previous responses to paragraphs 1 through 137 as though set forth at length herein.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

## COUNT FOUR

**42 U.S.C. § 1983 (First Amendment)**
**Ellen and Elise Gerhart v. Dunsmore**
**Lotorto v. Ehgartner and Benson**

144.   Defendants incorporate their previous responses to paragraphs 1 through 143 as though set forth at length herein.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

## COUNT FIVE

**Abuse of Civil Process (Pennsylvania Law)**

149.   Defendants incorporate their previous responses to paragraphs 1 through 148 as though set forth at length herein.

150.   This paragraph is not applicable to Defendants.

151.   This paragraph is not applicable to Defendants.

152.   This paragraph is not applicable to Defendants.

153.   This paragraph is not applicable to Defendants.

## COUNT SIX

### Nuisance (Pennsylvania Law)

154.   Defendants incorporate their previous responses to paragraphs 1 through 153 as though set forth at length herein.

155.   This paragraph is not applicable to Defendants.

156.   This paragraph is not applicable to Defendants.

157.   This paragraph is not applicable to Defendants.

158.   This paragraph is not applicable to Defendants.

## COUNT SEVEN

### Invasion of Privacy (Pennsylvania Law)

159.   Defendants incorporate their previous responses to paragraphs 1 through 158 as though set forth at length herein.

160.   This paragraph is not applicable to Defendants.

161.   This paragraph is not applicable to Defendants.

## COUNT EIGHT

### Trespass (Pennsylvania Law)

162.   Defendants incorporate their previous responses to paragraphs 1 through 161 as though set forth at length herein

163.   This paragraph is not applicable to Defendants.

164.   This paragraph is not applicable to Defendants.

165.   This paragraph is not applicable to Defendants.

**WHEREFORE**, Defendants specifically deny that Plaintiffs are entitled to any relief or damages, monetary or otherwise, and demands strict proof of all of Plaintiff's factual allegations thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If Defendants violated any rights of the Plaintiffs, which is specifically denied, such violations were not arbitrary, willful, intentional, malicious, wanton or reckless.

### THIRD AFFIRMATIVE DEFENSE

Defendants acted at all times with the good-faith belief that their conduct was lawful, thus they are immune from liability by virtue of absolute, qualified, official, governmental, state, sovereign or any other immunity.

### FOURTH AFFIRMATIVE DEFENSE

Prior to filing the current action Plaintiffs failed to properly exhaust the appropriate administrative remedies made available through the substantive and

procedural provisions applicable to the underlying claims and therefore Plaintiffs are not entitled to any relief requested in the current complaint.

## FIFTH AFFIRMATIVE DEFENSE

Parts or all of Plaintiffs' action are barred by the applicable Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

Prior to filing this action Plaintiffs failed to take reasonable steps to mitigate any damages which Plaintiffs may have been entitled to and therefore is not entitled to any damages under this action.

## SEVENTH AFFIRMATIVE DEFENSE

At no time have Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiffs of any rights, privileges or immunities secured to her by the Constitution or laws of the United States or this Commonwealth.

## EIGHTH AFFIRMATIVE DEFENSE

Any actions taken by Defendants were justified, privileged, and reasonable.

## NINTH AFFIRMATIVE DEFENSE

The Complaint makes claims for damages, some or all of which are not or may not be legally cognizable or compensable by law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of res judicata and/or collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based upon a theory of vicarious liability, it is unavailable.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims by virtue of the Eleventh Amendment, the laws of the Commonwealth of Pennsylvania, or other law.

Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, as this case moves forward.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   *s/ Lindsey A. Bedell*
LINDSEY A. BEDELL
Office of Attorney General      Deputy Attorney General

15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 772-3561

**lbedell@attorneygeneral.gov**

Date:   May 21, 2018

Attorney ID #308158

**KELI M. NEARY**
**Acting Chief Deputy Attorney General**
**Chief, Civil Litigation Section**

*Counsel for Defendants Benson,*
*Ehgartner, and Dunsmore*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELLEN GERHART, ELISE GERHART, ALEX LOTORTO** *and* **ELIZABETH GLUNT,** | : : : | **No. 1:17-CV-1726** |
| **Plaintiffs** | : : | **Judge Kane** |
| **v.** | : : | **Electronically Filed Document** |
| **ENERGY TRANSFER PARTNERS, L.P.,** et al., | : : | *Complaint Filed 09/25/17* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Lindsey Bedell, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 21, 2018, I caused to be served a true and correct copy of the foregoing document titled PSP DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES to the following:

## VIA ELECTRONIC FILING

**Christopher Markos, Esquire**
**Williams Cuker Berezofsky**
**1515 Market Street, Suite 1300**
**Philadelphia, PA 19102**
cmarkos@wcblegal.com
*Counsel for Plaintiffs*

**Richard A. Raiders, Esquire**
**Lengert & Raiders LLC**
**210 West Penn Avenue**
**P.O. Box 223**
**Robesonia, PA  19551**
rich@raiderslaw.com
*Counsel for Plaintiffs*

**Alan R. Boynton, Jr., Esquire**
**Carol Steinour Young, Esquire**
**Stephanie Carfley, Esquire**
**McNees Wallace & Nurick**
**100 Pine Street**
**P.O. Box 1166**
**Harrisburg, PA  17108**
aboynton@mwn.com
csteinour@mwn.com
scarfley@mwn.com
*Counsel for Defendants Energy Transfer*
*Partners, L.P., Sunoco Pipeline, L.P.,*
*Sunoco Logistics, L.P.,*

**Mary Lou Maierhofer, Esquire**
**Margolis Edelstein**
**P.O. Box 628**
**Hollidaysburg, PA  16648**
mmaierhofer@margolisedelstein.com
*Counsel for Defendants Sheriff William*
*Walters, Deputy Sheriff Doe, Deputy*
*Sheriff Poe, Deputy Sheriff Roe*

**Frank J. Lavery, Jr., Esquire**
**Peter J. Carfley, Esquire**
**Josh Autry, Esquire**
**225 Market Street, Suite 304**
**P.O. Box 1245**
**Harrisburg, PA 17108-1245**
flavery@laverylaw.com
pcarfley@laverylaw.com
jautry@laverylaw.com
*Counsel for Defendant, TigerSwan, LLC*

**Christopher P. Gerber**
**Siana, Bellwoar & McAndrew, LLP**
**941 Pottstown Pike, Suite 200**
**Chester Springs, PA 19425**
cpgerber@sianalaw.com
*Counsel for Defendant, Nick Johnson*

 *s/ Lindsey A. Bedell*
**LINDSEY A. BEDELL**
Deputy Attorney General