# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN GERHART, et al., | : | |
|     Plaintiffs | : | No. 1:17-cv-01726 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| ENERGY TRANSFER | : | |
| PARTNERS, L.P., et al., | : | |
|     Defendants | : | |

## ORDER

**AND NOW**, on this 30th day of March 2020, upon consideration of Defendants' motions to dismiss Plaintiffs' second amended complaint (Doc. Nos. 61-64), and in accordance with the Memorandum entered concurrently with this Order, **IT IS ORDERED THAT** the motions are **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant TigerSwan LLC ("Defendant TigerSwan")'s motion to dismiss (Doc. No. 61) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Defendant TigerSwan's motion to dismiss is **GRANTED** as to Plaintiffs' invasion of privacy claims asserted in Count VII to the extent that they are premised on a theory of intrusion upon seclusion;

   b. Plaintiffs' invasion of privacy claims asserted in Count VII against Defendant TigerSwan (Doc. No. 60) are **DISMISSED WITHOUT PREJUDICE** to the extent that they are premised on a theory of intrusion upon seclusion; and

   c. Defendant TigerSwan's motion to dismiss is **DENIED** as to Plaintiffs' nuisance claims asserted in Count VI, Plaintiffs' invasion of privacy claims asserted in Count VII to the extent that they are premised on a false light theory, and Plaintiffs' trespass claims asserted in Count VIII;

2. Defendants Energy Transfer Partners, L.P., Sunoco Logistics, L.P., and Sunoco Pipeline, L.P. (the "Sunoco Defendants")' motion to dismiss (Doc. No. 62) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The Sunoco Defendants' motion to dismiss is **GRANTED** as to Plaintiffs' federal law claims asserted in Counts I, II, III, and IV; abuse of civil process claims asserted in Count V; and trespass claims asserted in Count VIII to the extent that they are premised on the tree-cutting in April of 2016;

b. Plaintiffs' federal law claims asserted in Counts I, II, III and IV; abuse of civil process claims asserted in Count V; and trespass claims asserted in Count VIII to the extent they are premised on the tree-cutting in April of 2016 against the Sunoco Defendants (Doc. No. 60) are **DISMISSED WITHOUT PREJUDICE**; and

c. The Sunoco Defendants' motion to dismiss is **DENIED** as to Plaintiffs' nuisance claims asserted in Count VI, invasion of privacy claims asserted in Count VII, and trespass claims asserted in Count VIII to the extent they are premised on the alleged actions of the infiltrator;

3. Defendant Nick Johnson ("Defendant Johnson")'s motion to dismiss (Doc. No. 63) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendant Johnson's motion to dismiss is **GRANTED** as to Plaintiffs' invasion of privacy claims asserted in Count VII to the extent they are premised on an intrusion upon seclusion theory;

    b. Plaintiffs' invasion of privacy claims asserted in Count VII against Defendant Johnson (Doc. No. 60) are **DISMISSED WITHOUT PREJUDICE** to the extent that they are premised on an intrusion upon seclusion theory; and

    c. Defendant Johnson's motion to dismiss is **DENIED** as to Plaintiffs' invasion of privacy claims asserted in Count VII to the extent that they are premised on a false light theory;

4. Defendants William Benson ("Defendant Benson"), Trooper Dunsmore ("Defendant Dunsmore"), and Michael Ehgartner ("Defendant Ehgartner") (the "PSP Defendants")' motion to dismiss (Doc. No. 64) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The PSP Defendants' motion to dismiss is **GRANTED** as to Plaintiff Lotorto's malicious prosecution claim against Defendant Benson asserted in Count I, Plaintiff Ellen Gerhart's malicious prosecution claim against Defendant Dunsmore asserted in Count I, Defendant Lotorto's false arrest claims against Defendants Ehgartner and Benson asserted in Count II, Plaintiff Elise Gerhart's Equal Protection claim against Defendant Dunsmore asserted in Count III, and the First Amendment retaliation claims against Defendants Dunsmore, Ehgartner, and Benson asserted in Count IV;

    b. Plaintiff Lotorto's malicious prosecution claim against Defendant Benson asserted in Count I, Plaintiff Ellen Gerhart's malicious prosecution claim against Defendant Dunsmore asserted in Count I, Defendant Lotorto's false arrest claims against Defendants Ehgartner and Benson asserted in Count II, Plaintiff Elise

Gerhart's Equal Protection claim against Defendant Dunsmore asserted in Count III, and the First Amendment retaliation claims against Defendants Dunsmore, Ehgartner, and Benson asserted in Count IV (Doc. No. 60) are **DISMISSED WITHOUT PREJUDICE**; and

c. The PSP Defendants' motion to dismiss is **DENIED** as to Plaintiff Lotorto's malicious prosecution claim against Defendant Ehgartner asserted in Count I and Plaintiff Ellen Gerhart's false arrest claim against Defendant Dunsmore asserted in Count II; and

5. Plaintiffs may file a third amended complaint within thirty (30) days of the date of this Order. If Plaintiffs choose to file a third amended complaint, they must cure the deficiencies identified in the accompanying Memorandum as to each dismissed claim they choose to reassert. If Plaintiffs fail to file a third amended complaint within thirty (30) days of the date of this Order, the case shall proceed with the remaining claims asserted in the second amended complaint, and the claims dismissed without prejudice in this Order will be dismissed with prejudice.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania