# EXHIBIT D

IN THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :
:
v. : CP-31-MD-232-2018
:
ELLEN GERHART, :
       Defendant :

## OPINION

This case is before the Court pursuant to the Post-Sentence Motion of Ellen Gerhart, who was found guilty of indirect criminal contempt following a hearing on August 3, 2018. Ms. Gearhart was sentenced to not less than two months nor more than six months in the Huntingdon County Jail and fined $2,000.00.

## PROCEDURAL HISTORY

1. Condemnor, Sunoco Pipeline L.P. (Sunoco), filed a Notice of Taking seeking an easement for the transportation of petroleum products in Union Township, Huntingdon County, over the lands of Stephen and Ellen Gerhart.
2. The Condemnation was docketed to 31-CV-2015-972.
3. The Gerharts filed Preliminary Objections, which were overruled.
4. The Commonwealth Court of Pennsylvania affirmed this Court's decision.
5. A review of said decision was denied by the Pennsylvania Supreme Court.
6. In April of 2017, this Court issued a Writ of Possession.
7. Due to the Gerharts' obstructive conduct on the easement, Sunoco sought a preliminary injunction to bar interference with the project.
8. By Order dated June 28, 2017, this Court issued a preliminary injunction which enjoined the Gerharts from engaging in obstructive conduct on the easement or being present on the easement without the consent of Sunoco.
9. Sunoco filed a Petition for Determination of Indirect Criminal Contempt against Ellen Gerhart on April 30, 2018.

1

10. A hearing was scheduled for May 9, 2018, however, counsel for Ms. Gerhart and Sunoco requested a conference in chambers.
11. At the conference, counsel for Ms. Gearhart requested a continuance. The continuance was granted and bail was established for Ms. Gearhart at $25,000.00 unsecured, conditioned on her compliance with the June 28, 2017, injunction.
12. The indirect criminal contempt hearing was rescheduled to July 6, 2018, and then continued again to August 3, 2018.
13. On July 27, 2018, Sunoco filed a Motion to Supplement Petition for Determination of Indirect Criminal Contempt and to Revoke Bail.
14. Based on the allegations contained in that Petition, a bench warrant was issued for the arrest of Ms. Gerhart pursuant to Pa.R.Crim.P. 536.
15. Ms. Gerhart was arrested on July 27, 2018.
16. A bench warrant hearing was conducted pursuant to Pa.R.Crim.P. 150 on July 30, 2018, at which time Ms. Gerhart was committed to jail in lieu of $25,000.00 cash bail.
17. A hearing on the indirect criminal contempt allegation was held on August 3, 2018.

## ANALYSIS

Indirect criminal contempt is a violation of a court order that occurred outside of the court's presence. Commonwealth v. Ashton, 824 A.2d 1198, 1203 (Pa. Super. 2003). To prove indirect criminal contempt, evidence must be sufficient to establish the following elements: the court's order was definite, clear, specific, and leaving no doubt in the person to whom it was addressed of the conduct prohibited; the contemnor had notice of the order; the act constituting the violation was volitional; and the contemnor acted with wrongful intent. Commonwealth v. Baker, 766 A.2d 328, 331, 564 Pa. 192 (2001). The Pennsylvania Supreme Court has long recognized that courts have the power to impose summary punishment for criminal contempt. Commonwealth v. Marcone, A.2d 759, 763, 487 Pa. 572, 410 (1980). Criminal contempt is not derived from a statute the legislature created, but "is a right inherent in courts and is incidental to the grant of judicial power under Article 5 of the Pennsylvania Constitution." Id.

2

Ms. Gerhart contends that this Court erred in sentencing her beyond the statutory maximum of 15 days incarceration and a $100.00 fine pursuant to 42 Pa.C.S. §4136.[1] The Pennsylvania Supreme Court declared this statutory section unconstitutional in Commonwealth v. McMullen, 961 A.2d 842, 848, 599 Pa. 435, (2008). The Court explained that the Crimes Code abolished common law crimes in 18 Pa.C.S. § 107(b), but also provided in its preliminary provisions that "[t]his section does not affect the power of a court to ... punish for contempt or to employ any sanction authorized by law for the enforcement of an order...." Id., § 107(c)." McMullen, at 447.

In declaring 42 Pa.C.S § 4136(b) to be in violation of the Pennsylvania Constitution, Justice Eakin underscored that both the United States Supreme Court and the Pennsylvania Supreme Court have recognized the principle that courts generally have the authority to punish individuals for acting in contempt. *See* Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); Commonwealth v. Bowden, 838 A.2d 740, 760, 576 Pa. 151 (2003).

The *McMullen* Court further explained that Section 4136(b) restricts a court's authority to punish for indirect criminal contempt since it imposes a maximum fine of $100 and 15 days' incarceration. *See* 42 Pa.C.S. § 4136(b). "While the legislature generally may determine the appropriate punishment for criminal conduct, indirect criminal contempt is an offense against the court's inherent authority, not necessarily against the public. Section 4136(b) provides maximum penalties the court may impose; thus, it unconstitutionally restricts the court's ability to punish for contempt." Commonwealth v. McMullen, 961 A.2d 842, 848–50, 599 Pa. 435, 446–48 (2008). Accordingly, Defendant's first allegation of error is without merit.

Defendant next asserts that her sentence of incarceration is excessive because "Defendant did not overly slow the installation of the Sunoco Pipeline or cause any damage to their property or in any way harm workers." The criminal activity of Defendant relates to her violation of a court order, and her intentional disregard for the rule of law. This Court was presented with extensive testimony and video evidence at hearing which showed the repeated actions of Defendant exhibiting a complete disregard

---

[1] Although Defendant's Post-Sentence Motion erroneously refers to "42 Section 4136 (A2)" the language cited is codified at 42 Pa.C.S. § 4136(b).

3

for the June 28, 2017, injunction. In fact, the testimony showed a Defendant who was well aware of the boundaries imposed by the Court yet wantonly tested the Court's authority by repeatedly playing a proverbial game of chicken with work crews and heavy equipment.

The credible evidence produced at trial established beyond a reasonable doubt that in violation of the Court's injunction Ms. Gerhart undertook the following actions:
1. she placed workers in danger by setting fires near the easement that required action by workers to extinguish;
2. she entered onto the easement and physically obstructed workers which caused safety concerns;
3. she entered onto the easement and obstructed the movement of heavy equipment causing safety concerns and forcing work to cease to prevent injury to her;
4. she spread rancid materials on trees and on the ground in vicinity of the easement to, in her words, attract wild animals to the construction site;
5. she threw a large stick or tree limb onto the easement in the vicinity of workers;
6. she removed survey markers from the easement and threw them from the easement onto her property; and
7. she constructed an object from a plastic bottle (which appeared on video to be an incendiary device), and ignited the device at the boundary of the easement in an attempt to place workers in fear of being injured.

Ms. Gerhart's argument that she was defending her property rings hollow based on the extreme nature of her intentional actions in violation of the rule of law. A person or group of persons does not have the ability to participate in any type of conduct, without any limits at all, merely because they allege that their conduct has a higher, symbolic purpose. Rouse Philadelphia Inc. v. Ad Hoc '78, 417 A.2d 1248, 1254, 274 Pa. Super. 54, 64–65, (1979). As noted by the United States Supreme Court, "[t]he value to an open society derived from the free flow of ideas is self-evident. For that reason courts have been loathe to sanction any measure which infringes upon a person's right to communicate [their] ideas. Pure speech therefore is a right which is to be zealously preserved in our society. However, as a person's activities move away from pure speech

4

and into the area of expressive conduct they require less constitutional protection. As the mode of expression moves from the printed page or from pure speech to the commission of public acts the scope of permissible regulation of such expression increases. U. S. v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

The provisions of the injunction at issue did not attempt to regulate Ms. Gerhart's right to protest; instead, it prohibited her ability to interfere with those working on the easement. Ms. Gerhart crossed the line from constitutionally sanctioned First Amendment protests to contemptuous activity. She was acutely aware of the mandates of the Court Order and made a conscious choice to challenge the authority of the Court.

Defendant's final argument is that she should be released from custody due to her role as caretaker for her husband. Ms. Gerhart was given multiple opportunities (prior to and after the filing of the contempt petition) to curtail her conduct, yet she continued to violate the mandates of the injunction. To plead now that her caretaking duties should mitigate her jail sentence is disingenuous at best. Sadly, our jails are full fathers, mothers, husbands and wives who had previously been relied upon to provide care and support for loved ones. Court's do not have the ability to modify sentences based on the individual caretaking duties of a sentenced inmate.

For the forgoing reasons, we will enter an Order denying Defendant's Post-Sentence Motion.

BY THE COURT:

Date: August 20, 2018             George N. Zanic, P.J.

IN THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY,
PENNSYLVANIA - CIVIL DIVISION

| | |
|---|---|
| IN RE: CONDEMNATION BY SUNOCO PIPELINE L.P. OF PERMANENT AND TEMPORARY RIGHTS OF WAY FOR THE TRANSPORTATION OF ETHANE, PROPANE, LIQUID PETROLEUM GAS, AND OTHER PETROLEUM PRODUCTS IN THE TOWNSHIP OF UNION, HUNTINGDON COUNTY, PENNSYLVANIA, OVER THE LANDS OF STEPHEN GERHART AND ELLEN S. GERHART | NO. CP-31-CV-972-2015<br>NO. CP-31-MD-232-2018 |

Pa.R.A.P. 1925(a) OPINION

Ellen Gerhart has filed an appeal from this Court's sentencing Order of August 3, 2018, after Gerhart was found guilty of indirect criminal contempt for violating the specific terms of an Injunction issued by this Court.[1] On August 13, 2018, Gerhart filed a Post-Sentence Motion, and we entered an Order on August 20, 2018, which denied that Motion. Contemporaneously with the filing of that Order, we issued an Opinion which outlined the procedural history of this case, and provided a factual and legal analysis for holding Gerhart in indirect criminal contempt. We now write to supplement that Opinion, and to address the issues raised in Gerhart's Statement of Matters Complained of on Appeal. We will address her issues *seriatim:*

1. The trial court erred as a matter of law and/or abused its discretion, in its Order of August 3, 2018, sentencing Gerhart to two to sixth-months incarceration, because such sentence exceeded governing law and standards concerning recommendations for similar, criminal offenses.

---

[1] The Order of Sentence was issued to Huntingdon County docket number CP-31-MD-232-2018. In addition, Defendant's Post-Sentence Motion, the Order which denied the Post-Sentence Motion and the accompanying Opinion were all filed to the Miscellaneous Docket (MD) number. MD dockets are created by the Prothonotary in an effort to track indirect criminal contempt cases in the Common Pleas Court Management System (CPCMS) when indirect criminal contempt cases emanate from civil cases. This subsequent appeal filed by new counsel was filed and docketed to civil docket CP-31-CV-972-2018 which was the original civil docket number for the underlying eminent domain action. In an effort to avoid confusion, we have directed the Prothonotary to ensure that all documents filed at CP-31-MD-232-2018 are also filed at CP-31-CV-972-2018.

1

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R. C. P. NO. 236
NOTIFICATION - THIS DOCUMENT HAS
BEEN FILED IN THIS CASE.
PROTHONOTARY, HUNTINGDON COUNTY, PA.
DATE: OCT 1 7 2018

Based on the compound nature of this allegation of error, we will first address the portion of this allegation that posits that the sentence exceeded "governing law." A trial court's authority in indirect criminal contempt cases for a violation of a restraining order or injunction is conferred upon trial courts by the legislature in 42 Pa.C.S. § 4136(a), which outlines the general rule for proceedings for persons charged with indirect criminal contempt as follows:

**(a) General rule.**--A person charged with indirect criminal contempt for violation of a restraining order or injunction issued by a court shall enjoy:
(1) The rights to bail that are accorded to persons accused of crime.
(2) The right to be notified of the accusation and a reasonable time to make a defense, if the alleged contempt is not committed in the immediate view or presence of the court.
(3)(i) Upon demand, the right to a speedy and public trial by an impartial jury of the judicial district wherein the contempt is alleged to have been committed.
....
**(b) Punishment.**--Except as otherwise provided in this title or by statute hereafter enacted, punishment for a contempt specified in subsection (a) may be by fine not exceeding $100 or by imprisonment not exceeding 15 days in the jail of the county where the court is sitting, or both, in the discretion of the court. Where a person is committed to jail for the nonpayment of such a fine, he shall be discharged at the expiration of 15 days, but where he is also committed for a definite time, the 15 days shall be computed from the expiration of the definite time. 42 Pa.C.S. § 4136.

The right to a trial by jury provided in 42 Pa.C.S. §4136(a)(3)(i), and the maximum sentencing provisions contained in 42 Pa.C.S. §4136(b), have been declared unconstitutional by the Pennsylvania Supreme Court in Commonwealth v. McMullen, 961 A.2d 842, 599 Pa. 435 (2008). As explained in our Opinion of August 20, 2018, *McMullen* held that the Section 4136(b) sentencing provisions violated the inherent authority of courts under the Pennsylvania Constitution to punish individuals for indirect

2

criminal contempt.[2] Accordingly, we were compelled to issue the sentence of two to six months incarceration due to Gerhart's flagrant disregard of this Court's injunction.

Gerhart also alleges in her first allegation that we violated standards concerning "recommended sentences for similar criminal offenses." The sentencing guidelines, however, "do not apply to sentences imposed as a result of the following: accelerated rehabilitative disposition; disposition in lieu of trial; **direct or indirect contempt of court**; violations of protection from abuse orders; revocation of probation, intermediate punishment or parole." 204 Pa. Code § 303.1. *Emphasis added.* Accordingly, our sentence of two to sixth months of incarceration was appropriate.

2. The Trial Court erred as a matter of law and/or abused its discretion, in its Order of August 3, 2018, sentencing Gerhart to two to sixth-months incarceration, because its decision was based on insufficient evidence of: a definite, specific and clear Court Order leaving no doubt to the person whom it was addressed of the conduct prohibited; that Gerhart had notice of the Order; that the act constituting the Order was volitional; and Gerhart acted with wrong intent.

When imposing a sentence, the sentencing court is afforded great discretion and a sentence will not be overturned absent a manifest abuse of discretion. Commonwealth v. Coulverson, 34 A.3d 135, 2011 PA Super 255 (Pa. Super. 2011). An abuse of discretion exceeds a mere error in judgment and will only be found when the record indicates that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will. Commonwealth v. Hyland, 2005 PA Super 199, 875 A.2d 1175 (2005). In other words, a sentence is the result of an abuse of discretion if it exceeds the statutory limits (Commonwealth v. Cappellini, 456 Pa. Super. 498, 690 A.2d 1220 (1997)) or is so manifestly excessive as to render it unconstitutional. Commonwealth v. Cottle, 493 Pa. 377, 426 A.2d 598 (1981).

---

[2] 42 Pa.C.S.§ 4133 permits a trial court to impose only fines, and not incarceration, for summary penalties. This statute, however, authorizes incarcerations if "otherwise provided by statute." Our sentencing authority emanates from 42 Pa.C.S. §4136 which specifically authorizes punishments in indirect criminal contempts for violations of restraining orders or injunctions.

3

The record in this case establishes that on June 28, 2017, an injunction was issued barring Condemnees (including Gerhart who was a party to the eminent domain action) from, *inter alia*, engaging in obstructive conduct on an easement that was granted to Sunoco Pipeline L.P. for the installation of a pipeline. The injunction was a definite, specific and clear Court Order leaving no doubt that it was addressed to Gerhart and addressed the prohibited conduct. Despite the existence of the Injunction, credible evidence was presented that left no doubt that Gerhart engaged in repeated instances of obstructive conduct over a time period that extended for more than a year, and her intent was clearly to obstruct the construction of the pipeline. *See* (Op. at 4). Accordingly, the abuse of discretion allegation is without merit.

3. "The Trial Court erred as a matter of law and/or abused its discretion, in its Order of August 3, 2018, sentencing Gerhart to two to sixth months incarceration, because its decision was based on inappropriately admitted evidence which sought to establish; a definite, specific and clear Court Order leaving no doubt to the person whom it was addressed of the conduct prohibited; that Gerhart had notice of the Order; that the act constituting the Order was volitional; and Gerhart acted with wrong intent."

Gerhart generally alleges that we inappropriately admitted evidence, yet fails to provide sufficient detail as to which evidence she believes was inappropriately admitted. On August 28, 2018, we directed that Gerhart provide a Statement of Matter Complained of on Appeal. The Pennsylvania Rules of Appellate Procedure require that "the Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement." Pa.R.A.P. 1925(b). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." Commonwealth v. Dowling, 778 A.2d 683, 686–87 (Pa. Super. 2001). Even if the trial court correctly guesses the issues Appellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived. Commonwealth v. Lemon, 804 A.2d 34 (Pa. Super. 2002), Com. v. Heggins, 809 A.2d 908, 911 (Pa. Super. 2002).

4

The timely filing of a 1925(b) Statement does not automatically preserve issues on appeal. Jiricko v. Geico Ins. Co., 947 A.2d 206, 210 (Pa. Super. 2008). "[T]he Pa.R.A.P.1925(b) statement must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal...." Id.

> Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [*Commonwealth v.*] *Lord*[,] [553 Pa. 415, 719 A.2d 306 (1998) ] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal.

Commonwealth v. Dowling, 778 A.2d 683, 686–87 (Pa. Super. 2001).

Further, the Pennsylvania Superior Court may find waiver where a concise statement is too vague. Commonwealth v. Hansley, 24 A.3d 410, 415 (Pa. Super. 2011). The Superior Court has in fact held issues to be waived when the appellant's 1925(b) Statement was overly broad and did not provide specifics of how the trial court allegedly erred. *See* In re A.B., 63 A.3d 345 (Pa. Super. 2013).

While it is difficult to ascertain the specific admitted evidence that Gerhart objects to, we will nonetheless note that the admission of evidence is governed by Rule 401 of the Pennsylvania Rules of Evidence. Evidence is relevant if it has the tendency to make a fact more or less probable than without the evidence and is of consequence in determining the action. Pa.R.E. 401. Relevant evidence is always admissible unless an exception applies. A review of the trial transcript fails to reveal any evidence that was improperly admitted after a timely objection.

5

4. "The Trial Court erred as a matter of law and/or abused its discretion, in its Order of August 3, 2018, sentencing Gerhart to two to sixth months incarceration, because the Court lacked basis to proceed with the hearing on or about August 3, 2018, in the manner so conducted."

This allegation is so general that we cannot begin to ascertain what "the Court lacked the basis to proceed with the hearing" refers to, and will not attempt to guess as to the impetus for this allegation of error.

For the foregoing reasons, the Order of this Court should be affirmed.

BY THE COURT,

_____
George N. Zanic, P.J.

6