## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELLEN GERHART, et al.** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | **17-cv-1726-YK** |
| | : | |
| vs. | : | |
| | : | |
| **ENERGY TRANSFER** | : | |
| **PARTNERS, LP, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## BRIEF OF COUNTERCLAIM DEFENDANT ELLEN GERHART
## IN SUPPORT OF HER MOTION
## TO DISMISS SUNOCO'S AMENDED COUNTERCLAIM

WILLIAMS CEDAR
By: Christopher Markos, Esq.
PA ID No. 308997
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
P: 215.557.0099
F: 215.557.0673
cmarkos@williamscedar.com

and

**RAIDERS LAW PC**
Richard A. Raiders , Esquire
PA ID No. 314857
606 N. 5th Street
Reading, PA 19601
P: 484.509.2715
F: 610.898.4623
Email: rich@raiderslaw.com

## I.  <u>INTRODUCTION</u>

On April 13, 2020, Sunoco filed a three-count counterclaim against Ellen Gerhart, setting forth causes of action for trespass, nuisance, and "violation of preliminary injunction."  2020, Gerhart moved to dismiss the three-count counterclaim.  In response, Sunoco amended its counterclaim, adding a fourth cause of action styled "interference with easement," but repeating the nuisance allegations, and providing Sunoco no reprieve from the legal failings of its first pleading.  As set forth more fully below, Sunoco's claims are baseless, fallacious, and meritless.  It accuses Gerhart of trespassing on her own land, invents a cause of action that, simply stated, does not exist, and repeats nuisance claims under different headings.  Its entire counterclaim is nothing more than an impermissible attempt at a second chance to hound and harass Gerhart by relitigating claims that are barred.

## II.  <u>FACTS</u>

Sunoco acquired a right-of-way easement on the Gerhart property via declaration of taking. (Ex. A.)  The easement was "non-exclusive."  (Ex. A., p. 134 of 156).  Subsequent developments – a writ of possession and a preliminary injunction – proscribed Gerhart's access to the easement, but never altered the fundamental fact that the right of way easement encumbered land that she continued to own.  (Ex. B, p.22 of 29; Ex. C., pp. 40-41 of 41).

1

Sunoco litigated a successful petition to have Gerhart found in indirect criminal contempt.  As set forth more fully below, the bases for that petition are, in every respect, the same as the bases for the counterclaim: allegations of Gerhart's "interference" with Sunoco's easement, and a comparison of the counterclaim and Sunoco's previously litigated contempt petition against Gerhart (Ex. E) reveals that the counterclaim merely recycles the allegations set forth anew in the counterclaim.

Sunoco couches its re-hashed allegations as four separate causes of action: trespass, nuisance, repeats the nuisance allegations but renames them "interference with easement," and "violation of preliminary injunction."  More detailed factual recitals are set out as they pertain to each separate cause of action discussed below.

## III.  ARGUMENT

The Court has previously set forth the applicable standard of review:

> When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the [plausibility] standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). …The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.
>
> …Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the

following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 675, 679).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *See Mayer v. Belichick,* 605 F.3d 223*,* 230 (3d Cir. 2010), (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.' " *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

*Gerhart v. Energy Transfer Partners, L.P.*, 2020 WL 1503674, at *7–8 (M.D. Pa. Mar. 30, 2020) (Kane, J.) (ECF No. 90)

### a. <u>Trespass</u>

Sunoco acquired a right-of-way easement "on property owned by Stephen and Ellen Gerhart…for the purpose of installing pipelines." (Amended Counterclaim ("A.C.") ¶6; *see also* Ex. A). Sunoco alleges that it had "lawful

possession and ownership of the easement," and that Gerhart's entries onto the easement comprised a trespass.   (A.C. ¶¶63-67).

"An easement is a non-possessory interest in the land in the possession of another that entitles its holder to a limited use of the land in which the interest exists." *Riverwatch Condominium Owners Ass'n v. Restoration Development Corp*, 980 A.2d 674, 686 (Pa. Cmwlth. Ct. 2009) (citation and internal quotations omitted).  Consistent with this definition, Sunoco's easement was "non-exclusive." (Ex. A., p. 134 of 156).  Sunoco's writ of possession, per 26 Pa. C.S. § 307(a), did not convey to it ownership of the encumbered Gerhart land.  (Ex. B, p.22 of 29). Sunoco's later-acquired injunction barring entry onto the easement similarly did not alter the character of the land encumbered by the easement: it was still the Gerhart's land.  (Ex. C., pp. 40-41 of 41).  Nor could the easement itself or the subsequent, aforementioned orders alter the fact that the encumbered land was still the Gerharts' land. *See Kapp v. Norfolk S. Ry. Co*., 350 F. Supp. 2d 597, 606 (M.D. Pa. 2004) ("An easement is a unique form of real property. It grants not a right of possession but a right of use.")

The Pennsylvania statute upon which Sunoco relied to obtain a possessory interest does not grant the condemnor exclusive possession of any parcel to which it has not sought and perfected fee simple ownership.  26 Pa. C.S. § 307(a)(1).  At no point did Sunoco take title to the easement.  Sunoco could have, but failed to,

purchase the property or condemn the property to acquire fee simple title.  At all times pertinent to this claim, both Sunoco and the Gerhart family jointly held interests in the subject property.  Sunoco seems to suggest in its counterclaim that it has exclusive possession of the easement, which it does not hold and has never attempted to acquire, either outright or in lieu of condemnation.  Therefore, both the Gerharts and Sunoco share possessory interests in the easement.

"It is well-settled law that in order to establish a claim for trespass, a plaintiff must prove an intentional entrance upon land in the possession ***of another*** without a privilege to do so." *Kennedy v. Consol Energy Inc*., 116 A.3d 626, 636 (Pa. Super. 2015) (emphasis added).  Entry onto the easement in violation of the injunction acquired by Sunoco does not become an act of trespass because the injunction did not change the Gerhart's ownership of the land encumbered by Sunoco's easement.  Sunoco's counterclaim acknowledges that Gerhart was the owner of the land subject to the easement (A.C. ¶6), and otherwise pleads no facts that show that Gerhart entered land she did not herself possess, and therefore offers a novel but meritless legal theory that Gerhart trespassed *on her own land*.  *See, e.g.*, *Kao v. Haldeman*, 556 Pa. 279, 286, 728 A.2d 345, 349 (1999) (distinguishing between owners of dominant and servient estates, on the one hand, and trespassers, on the others, and observing that disputes between the former are resolve via injunctive relief (of the sort already obtained by Sunoco)) (citing *Taylor v. Heffner*,

359 Pa. 157, 163–64, 58 A.2d 450, 453–54 (1948); *National Accident & Health Insurance Co. v. Workmen's Circle Lyceum*, 289 Pa. 164, 168, 137 A. 184, 185 (1927); *Associates of Philipsburg v. Hurwitz*, 437 A.2d 447, 451 (Pa. Super. 1981); *Edwards v. Julian*, 159 A.2d 547, 549 (Pa. Super. 1960)).

Sunoco's Amended Counterclaim sets forth a new "theory" that the Common Pleas injunction barring her entry onto the easement terminated any legal right to enter the easement, and therefore transforming her violation of the order into a "trespass." (A.C. ¶68-76). As set forth more fully above, this theory has no merit, as it is merely a repackaging of the same frivolous theory that this Court should hold Gerhart liable for trespassing on her own land – a fact the Common Pleas order did not alter. As set forth more fully below, Sunoco's trespass claim is also barred by res judicata. Sunoco's counterclaim for trespass should be dismissed.

### b. Nuisance

In the Court of Common Pleas of Huntington County, Sunoco filed a Petition for Indirect Criminal Contempt, alleging that Gerhart had unreasonably interfered with its use of its easement. (Ex. E). After hearing the below-referenced evidence against her, Gerhart was found in indirect criminal contempt. (Ex. F., 76:9-16). Here, Sunoco brings a counterclaim for nuisance, alleging that Gerhart unreasonably interfered with its use of its easement. (A.C. ¶79).

Although Indirect Criminal Contempt is at least a quasi-, if not outright, criminal proceeding, it is beyond dispute that it was Sunoco who filed, litigated, and prosecuted the proceeding.  (Ex. F, p.2 of 84, listing appearances of counsel). The Commonwealth did not participate, and had no presence, at the indirect criminal contempt hearing.  *Id.*   That is, the parties to the indirect criminal contempt litigation were Sunoco and Gerhart.

As a result of the hearing, Gerhart was found in indirect criminal contempt, and sentenced accordingly.  (Ex. D).  The orders of the Court of Common Pleas were affirmed on appeal.  *See* Appeal Docket Sheet, In Re: Condemnation…, available at

https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1397+MDA+2018&dnh=IiNGC8I8kmlzROCW%2f%2b144Q%3d%3d.

Sunoco's recycling of its indirect criminal contempt litigation is barred by res judicata.  "A party seeking to invoke res judicata must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."  *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (internal citations and quotations omitted).

Here, it is beyond dispute that there is a final judgment on the merits involving both Sunoco and Gerhart. *See, generally*, Ex. D, E, and F. There is no mechanical test to determine what constitutes a "cause of action" purposes of for res judicata. *Duhaney*, *supra*, 621 F.3d at 348. The Third Circuit determines whether two cases are based on the same "cause of action" by evaluating "the essential similarity of the underlying events giving rise to the various legal claims. Our approach reflects the present trend ... of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence. Under this transactional approach, the focus of the inquiry is whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Id.* (internal quotations and citations omitted).

Viewed through the lens of the Third Circuit's transactional analysis, it is clear that Sunoco's prior Petition for Indirect Criminal Contempt and its current Nuisance claim are one and the same "cause of action." The bases for Sunoco's nuisance counterclaim have no discernible distinction from those for its prior petition to the Court of Common Pleas of Huntington County seeking to hold Gerhart in indirect criminal contempt. *Compare* A.C. ¶¶28-30 *and* Ex. E, Sunoco's Petition for Indirect Criminal Contempt, ¶¶13-14; A.C. ¶¶ 31-35 *and* Ex. E, Sunoco's Petition for Indirect Criminal Contempt, ¶¶ 15-16; A.C. ¶¶36, 38-41

*and* Ex. E, Sunoco's Petition for Indirect Criminal Contempt, ¶¶ 17, 19-22; A.C. ¶¶ 42-45 *and* Ex. E, Sunoco's Petition for Indirect Criminal Contempt, ¶¶ 23-27; Counterclaim ¶53 *and* Ex. E, Sunoco's Motion to Supplement Petition for Indirect Criminal Contempt ¶4; *see generally* Ex. F (presenting evidence of the foregoing at the indirect criminal contempt hearing).  Both the prior indirect criminal contempt proceedings and the present nuisance claim unequivocally pertain to interference with Sunoco's easement.   A.C. ¶¶35, 39, 42, 45, 49, 66, 79; Ex. E, Sunoco's Petition for Indirect Criminal Contempt ¶¶ 3, 4, 19, 20, 23, 27, 29, 43, 44, 45.[1] Sunoco's nuisance counterclaim satisfies all the elements of res judicata, and is therefore barred.

Res judicata bars both claims that were brought in a previous action and claims that could have been brought.  *Duhaney*, *supra*, 621 F.3d at 347.  Sunoco could have moved to have Gerhart held in civil contempt, and thereby request of the court that it be made whole for any damages it sustained.  One who violates an injunction issued by one of the several Courts of Common Pleas of Pennsylvania may be subject to a finding of civil or criminal contempt.  *See Commonwealth v. Ashton*, 824 A.2d 1198, 1202-03 (Pa. Super. 2003).  The same set of facts may subject one to either civil or criminal contempt.  *Id.* at 1202.  "[W]here the act of

---

[1] Sunoco's trespass claim is similarly predicated on Gerhart's alleged "interfering with Sunoco Pipeline's use of the Easement," A.C. ¶66, and therefore would similarly be subject to res judicata.

contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of a private party, proceedings to enforce compliance with the decree of the court are civil in nature." *Id.* (citation omitted). Sanctions for civil contempt may include "compensat[ion for] the complainant for losses sustained." *Id.* (citation omitted).  The question of civil contempt, where damages could be recovered, or criminal contempt, where the court seeks to punish the actor, is left open through the Pennsylvania judicial process.  *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 449 (1911); *Knaus v. Knaus*, 127 A.2d 669, 673 (Pa. 1956); *Bruzzi v. Bruzzi*, 481 A.2d 648, 651 (Pa. Super. 1984).

When Sunoco asked the Court of Common Pleas of Huntingdon County to find Ellen Gerhart in contempt, it acknowledged that while civil contempt would be appropriate, but specifically abandoned any effort to recover compensation pursuant to a finding of civil contempt, so that it could instead request she be sent to jail for indirect criminal contempt.  (Exhibit E).  Sunoco had the opportunity to seek recovery of its alleged damages, but explicitly opted not to assert any such claims when it had the chance.  Sunoco cannot now seek a second bite at the apple because it wanted Ellen Gerhart in jail in exchange for giving up its ability to assert the exact claim for which it now seeks recovery.[2]  For the foregoing reasons, res

---

[2]  Even assuming Sunoco was faced with a binary choice of remedies it could seek in the Common Pleas court, the transactional analysis does not depend on the

judicata bars Sunoco's claim for damages because that relief, as Sunoco has

previously admitted, could have been sought via contempt proceedings.

### c. <u>Violation of Injunction</u>

Sunoco seeks compensatory damages from Gehart for the "violation of [a]

preliminary injunction."  Sunoco identifies no statute purporting to authorize

awards of compensatory damages for the violation of a preliminary injunction.  As

a matter of Pennsylvania common law, there is no cause of action for the recovery

of damages resulting from the violation of a preliminary injunction.   It simply

does not exist outside the confines of Sunoco's imagination.

That is not to say that no *recourse* exists when an injunction – preliminary or

otherwise -  is violated.  But Sunoco has previously availed itself of such recourse,

(Exhibit E), and, for the reasons set forth more fully above, is barred from pursuing

it once again.

Even if Sunoco had not invented this cause of action out of whole cloth, for

the reasons set forth more fully above, it would also be barred by res judicata.  Just

as is the case with the nuisance claim, the basis for this claim is Gerhart's

interference with Sunoco's use of its easement.  A.C. ¶¶ 89, 93.  "A mere

---

remedies that were available, but rather the basis for seeking relief.  *Duhaney*,
*supra*, 621 F.3d at 348

difference in theory" does not disarm the preclusive effect of res judicata.

*Duhaney*, *supra*, 621 F.3d at 348.

### d. <u>Interference with Easement</u>

The interference with easement claim was the only cause of action added to Sunoco's Amended Counterclaim.  Like the nuisance and "violation of injunction' claims, the basis for this claim is Gerhart's alleged interference with Sunoco's use of its easement.  As set forth more fully above, this claim is similarly subject to the preclusive effect of res judicata.

Sunoco's 'interference with easement" claim is a claim for nuisance, wholly redundant with the nuisance claim also plead, sharing the exact same elements.  *Santiago*, *supra*, 629 F.3d at 130.  In Sunoco's own words, its claim is based on the "unreasonable interference with [its] enjoyment and use of its Easement."  A.C. ¶99.  This conclusion is bolstered by the fact that, regardless of what the cause of action is named by the pleader, courts consider claims of interference with nuisance claims are, in fact, claims for nuisance.  *See Graham Oil Co. v. BP Oil Co.*, 885 F. Supp. 716, 723–24 (W.D. Pa. 1994) ("Section 821E of the Restatement (Second) of Torts clarifies who is entitled to bring an action for a private nuisance. Specifically, § 821E provides that: [f]or a private nuisance there is liability only to those who have property and privileges in respect to the use and enjoyment of the land affected, including (a) possessors of the land, (b) owners of easements and

12

profits in the land, and (c) owners of nonpossessory estates in the land that are

detrimentally affected by interference with its use and enjoyment."); *see also*

*Hodge v. Bluebeard's Castle, Inc.*, No. CIV. 925/1997, 2002 WL 1022524, at \*5

(Terr. V.I. Apr. 17, 2002) ("Count I of the Complaint states a claim for the 'tort of

intentionally depriving plaintiff of their use and enjoyment of parcel 39c.'

…Although no specific tort is identified in these paragraphs, the conduct

complained of refers to nuisance. Count I relates to the Hodges' claim that they

have an easement, and thus states a claim for private nuisance. ….").[3]

Even if Sunoco's claim weren't barred by res judicata, it would be barred

under Pennsylvania law.  In Pennsylvania, "the general rule of law [is] that

economic losses may not be recovered in tort absent any physical injury or

property damage." *Gen. Pub. Utilities v. Glass Kitchens of Lancaster, Inc.*, 542

A.2d 567, 570 (Pa. 1988).  The doctrine bars claims for purely economic damages

resulting from private nuisance.  *See Duquesne Light Co. v. Pennsylvania Am.*

*Water Co.,* 850 A.2d 701, 704 (Pa. Super. 2004).  Sunoco has *only* plead pure

economic damages.  It does not – because it cannot – allege that its property was

injured, which is all it could conceivably ever recover.  Therefore, even if Sunoco

---

[3] Interference with an easement could also be the basis for seeking injunctive relief, *see supra at Section III.a*, but Sunoco does not seek injunctive relief here, as any such claim would clearly be a complete rehashing of its prior litigation in common pleas court.

pled an actual cause of action from which it was not estopped from raising here, further pursuit of this claim, as with the other nuisance claims pled here, is utterly futile.

### e. **Dismissal with prejudice**

Generally, dismissal for failure to state a claim is without prejudice and accompanied by an opportunity to amend to cure the deficiencies in the pleading, so long as such an amendment would not be inequitable or futile. *Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014) (citation omitted). Sunoco had the opportunity to cure its prior deficient pleading in response to Plaintiffs' first 12(b)(6) motion, yet failed to add any material facts to its Amended Counterclaims. In fact, Sunoco's Amended Counterclaim is nothing more than their first deficient Counterclaim dressed up with another redundant claim reasserting claims that Sunoco prosecuted in the Indirect Criminal Contempt trial before the Huntingdon County Court of Common Pleas.

Here, the deficiencies in Sunoco's Amended Counterclaim are entirely legal in nature, and no conceivable amendment could cure these deficiencies, rendering any proposed amendment to the counterclaim futile. *Id.* As such, dismissal of Sunoco's counterclaim should be with prejudice.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Sunoco's counterclaim should be dismissed in its

entirety with prejudice.

> Respectfully submitted,
>
> **WILLIAMS CEDAR**
>
> <u>*/s/ CHRISTOPHER MARKOS*</u>
> By: Christopher Markos,
> Esquire Attorney I.D. # 308997
> 1515 Market Street, Suite 1300
> Philadelphia, PA 19102-1929
> P:  215.557.0099
> F: 215.557.0673
> Email:cmarkos@williamsedar.com
>
> and
>
> **RAIDERS LAW PC**
> Richard A. Raiders , Esquire
> Attorney I.D. # 314857
> 606 N. 5th Street
> Reading, PA 19601
> P: 484.509.2715
> F: 610.898.4623
> Email: rich@raiderslaw.com

Dated: <u>June 30, 2020</u>

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher Markos, Esquire, hereby certify that on this date, I served a copy of the foregoing document, via the Court's Electronic Case Filing system, and that it is available for viewing and downloading therefrom by Counsel for defendants, in accordance with Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.7.

*/s/ Christopher Markos*
Christopher Markos
Attorney for Plaintiffs

Dated: June 30, 2020

16