## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELLEN GERHART, et al.** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | **17-cv-1726-YK** |
| | : | |
| **vs.** | : | |
| | : | |
| **ENERGY TRANSFER** | : | |
| **PARTNERS, LP, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPLY BRIEF OF COUNTERCLAIM DEFENDANT ELLEN GERHART
## IN SUPPORT OF HER MOTION
## TO DISMISS SUNOCO'S  AMENDED COUNTERCLAIM

WILLIAMS CEDAR
By: Christopher Markos, Esq.
PA ID No. 308997
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
P:  215.557.0099
F: 215.557.0673
cmarkos@williamscedar.com

and

**RAIDERS LAW PC**
Richard A. Raiders , Esquire
PA ID No. 314857
606 N. 5th Street
Reading, PA 19601
P: 484.509.2715
F: 610.898.4623
Email: rich@raiderslaw.com

I.    **INTRODUCTION**

Ellen Gerhart ("Gerhart") hereby files this Reply Brief in response to the

July 14, 2020 brief in opposition to Gerhart's Motion to Dismiss filed by Sunoco

Pipeline. L.P. ("Sunoco").  Gerhart incorporates the facts and introduction from her

prior brief herein as if fully recited herein.

II.    **ARGUMENT**

a. **Trespass**

In its brief, Sunoco ignores the fact that the land on which it accuses Gerhart

of trespassing was her own land,  Gerhart pointed out in her brief, uncontested by

Sunoco, that Sunoco does not fee simple title to the property, but Gerhart does.

On that basis alone, Sunoco's trespass claim must fail.

Sunoco attempts to conflate their prior proceedings against Gerhart in

Huntington County Court of Common Please with a trespass claim, confusing the

matter beyond necessity.   Nothing Sunoco adds in support of their trespass claim

supports any action in trespass.  Sunoco offers no analysis of Pennsylvania

authority to extend trespass to lands under easement, because no such authority

exists.[1]   Sunoco instead relies, in futility, on dicta from Ohio, but does not – and

---

[1] The issue of ownership is fundamental to a trespass claim.  An attempt to exercise
an easement by necessity is not trespass.  *Bartkowski v. Ramondo*, 219 A.3d 1083,
1089 (Pa. 2019).  Any trespass claim must be supported by proof of ownership
when there is an ownership dispute.  *Starling v. Lake Meade Property Owners
Ass'n, Inc.*, 162 A.3d 327, 338 (Pa. 2017).  The presence of a third-party newsstand

cannot – claim that it is representative of Pennsylvania law.[2]  The District Court should decline Sunoco's invitation to invent and extend trespass law far beyond the scope of controlling Pennsylvania law.  Sunoco's counterclaim for trespass should be dismissed.

### b. <u>Nuisance</u>

Sunoco unsuccessfully attempts to justify its nuisance counterclaim by conflating its original condemnation of the Gerhart property and its prosecution of Mrs. Gerhart under the same docket number.   Specifically, Sunoco attempts to claim that the Preliminary Objections process in 2015 and 2016 absolves it of its decisions it made in prosecuting Mrs. Gerhart. *See*, 26 Pa. C.S. § 306.  It is true that the Preliminary Objections are totally unrelated to Sunoco's prosecution of Mrs. Gerhart.  However, that process is utterly irrelevant to Sunoco's prosecution.

As Mrs. Gerhart argued in her original brief concerning her Motion to Dismiss, Sunoco had the opportunity to recover damages OR prosecute Mrs. Gerhart when they had her arrested and imprisoned for the exact same conduct they seem to want to pursue now.  Nothing in Sunoco's brief diminishes Mrs.

---

upon a roadway easement without the consent of the servient estate constitutes a trespass.  *46 South 52nd St. Corp. v. Manlin*, 389 PA. 304, 157 A.2d 381, 390 (Pa. 1960).

[2]     The entirety of Sunoco's Counterclaim is based solely on Pennslvania law. ECF No. 101, ¶¶1-3.

Gerhart's claims that Sunoco waived their right for damages when they had the opportunity to seek damages and instead wanted her in jail.   For that reason, Sunoco's other arguments are utterly irrelevant.

Sunoco claims that "[t]he petition did not raise, nor could it have raised, a civil tort claim for nuisance" in their petition to jail Mrs. Gerhart, and that "the Petition was limited to Mrs. Gerhart's willful and persistent defiance of the court order."  Either way, it involved the exact same conduct Sunoco claims they now seek money damages for in their bald attempt at second bite at the apple.  *See* Gerhart Brief, ECF No. 106, pp.8-9.  Sunoco chose what to claim in their 2018 Petition, and chose to style it as a criminal prosecution when they had the right to seek civil contempt and damages.  Sunoco was so set on jailing Mrs. Gerhart that they declined the opportunity to mention or seek damages therein.  *Brocker v. Brocker*, 429 Pa. 513, 520, 241 A.2d 336, 339 (Pa. 1968) ("It is well settled, however, that the court may, in a proceeding for civil contempt, impose the remedial punishment of a fine payable to an aggrieved litigant as compensation for the special damages he may have sustained by reason of the contumacious conduct of the offender.") (citations omitted).

Sunoco fails to distinguish the bases for its counterclaim and its prior indirect criminal contempt petition.  That is to be expected, considering the two actions are virtually identical in their pleadings, a claim not refuted by Sunoco.

3

Sunoco's reliance on *Young v. United States ex rel. Vuitton Et Fils S.A.*, 481 U.S. 787 (1987) is misplaced.  The sentence that follows the one quoted by Sunoco refute's Sunoco's argument: "A private attorney appointed to prosecute a criminal contempt therefore certainly should be as disinterested as a public prosecutor who undertakes such a prosecution." *Id.*

Sunoco's argument that the Eminent Domain Code restricts Sunoco's recovery under civil contempt must also fail.  Sunoco was not acting in a condemnation action when it pursued Mrs. Gerhart, they were acting in contempt of court (and any potential "tort" action had certainly arisen at the time it chose to move for contempt).  Sunoco does not argue that the governing law of contempt restricts recovery in a civil contempt action, instead feebly relying on *Enon Valley Tel. Co. v. Market*, 90 Pa. Commw. 53, 57, 493 A.2d 800 (Pa. Commw. 1985) to support its theory that the underlying condemnation action restricts tort recovery. But, once Sunoco filed the contempt, it had the opportunity to avail itself of any and all relief available under contempt actions, which would have included damages if Sunoco had simply decided to pursue them.

Sunoco cannot now seek a second bite at the apple to litigate the *exact same* issues and conduct regarding Ellen Gerhart's allegedly "unreasonable interference" with its easement and involving the exact same parties.  *See, Yamulla Trucking & Excavating Co. v. Justofin,* 771 A.2d 782, 785 (2001) (prior contempt proceeding

barred relitigating same issues involving same parties).  For the foregoing reasons, res judicata bars Sunoco's claim for damages because that relief, as Sunoco has previously admitted, could have been sought via contempt proceedings.

### c.  Violation of Injunction

As set forth more fully herein and in Gerhart's Brief in Support, the availability of the remedy Sunoco seeks is available through the contempt proceedings it already pursued.  Sunoco's attempt to repackage those claims is barred by res judicata.

Sunoco's argument further ignores this fact, that the remedy it seeks is available in Pennsylvania, through contempt proceedings.  Sunoco's attempt to refute Gerhart's argument that "there is no cause of action for recovery of damages resulting from the violation of a preliminary injunction," by identifying no authority from Pennsylvania whatsoever, only bolsters her argument.

### d.  Interference with Easement

Sunoco again fails to distinguish its so-called "interference with easement" claim from both its nuisance claim and its prior contempt proceeding.  Sunoco makes no attempt to distinguish the latter, and as to the former, its argument is that *Hodge v. Bluebeard's Castle, Inc*., No. CIV. 925/1997, 2002 WL 1022524, at *5 (Terr. V.I. Apr. 17, 2002)  is distinguishable because Pennsylvania recognizes a

cause of action for "interference with easement."  In so doing, Sunoco ignores

*Graham Oil Co. v. BP Oil Co.*, 885 F. Supp. 716, 723–24 (W.D. Pa. 1994), which

demonstrates that Sunoco's "interference with easement" claim is simply a specific

theory of nuisance. The same is evident from the case on which Sunoco chiefly

relies, *Durhing Res. Co. v. United States*, 775 Fed.Appx. 742 (3d Cir. 2019), itself

relies on two cases from over a hundred years ago to conclude that "Pennsylvania

law clearly recognizes a cause of action for tortious interference with that property

interest."  One of those cases, *Schmoele v. Betz*, 212 Pa. 32, 39, 61 A. 525, 527 (Pa.

1905), does not distinguish between "nuisance" and "interference with easement."

Nor is the section of the Pennsylvania Law Encyclopedia which *Durhing* cites

(Volume 39, Section 502: "The owner of an easement, upon interference with the

easement by the owner of the servient estate, may proceed by action at law for

damages") distinct in any way from *Graham Oil Co.*'s observation that "owners of

easements and profits in the land, and owners of nonpossessory estates in the land

that are detrimentally affected by interference with its use and enjoyment" are

entitled to bring a nuisance claim for damages.  *Graham Oil Co.*, 885 F. Supp. at

723–24.

      As should be now well established, Sunoco waived its ability to recover its

damages when it decided to seek criminal sanctions against Mrs. Gerhart instead of

seeking compensatory damages in a civil contempt proceeding.  But even if that were not the case, *Duhring* makes clear that Sunoco cannot recover here:

> So there is actually no Pennsylvania case law that holds that any damages other than for loss of rental or use value are available for interference with an easement.   Accordingly, we hold that the proper measure of damages for Duhring's claim is the loss of rental value of the servitude.

> *Duhring*, 776 Fed. Appx. at 749.

This conclusion qualifies that recovery "for the loss of use and the cost of restoring the easement to its former condition" is a subset of loss of rental or use value.  *Id.* Sunoco failed to plead any loss of rental value in its counterclaims because it did not lose any rental value for the lands it occupied before, during and after the alleged conduct.   Therefore, the District Court should dismiss this futile claim for which Sunoco does not and cannot plausibly have any "entitlement to relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Sunoco's counterclaim should be dismissed in its entirety with prejudice.

Respectfully submitted,

**WILLIAMS CEDAR**

*/s/ CHRISTOPHER MARKOS*
By: Christopher Markos,
Esquire Attorney I.D. # 308997

7

1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
P:  215.557.0099
F: 215.557.0673
Email:cmarkos@williamsedar.com

and

**RAIDERS LAW PC**
Richard A. Raiders , Esquire
Attorney I.D. # 314857
606 N. 5th Street
Reading, PA 19601
P: 484.509.2715
F: 610.898.4623
Email: rich@raiderslaw.com

Dated: July 29, 2020

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher Markos, Esquire, hereby certify that on this date, I served a copy of the foregoing document, via the Court's Electronic Case Filing system, and that it is available for viewing and downloading therefrom by Counsel for defendants, in accordance with Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.7.

*/s/ Christopher Markos*
Christopher Markos
Attorney for Plaintiffs

Dated: July 29, 2020