

225 Market Street
Suite 304 ●P.O. Box 1245
Harrisburg, PA  17108-1245
**PHONE:**  717-233-6633
**FAX:**  717-233-7003
flavery@laverylaw.com
www.laverylaw.com

February 14, 2022

*Sent via the Court's ECF system*

The Honorable Yvette Kane
United Sates District Court Judge
United States District Court of the Middle District of Pennsylvania
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

        RE:    <u>Ellen Gerhart, et al. v. Energy Transfer Partners, L.P., et al.</u>
                   Middle District Docket No. 1:17-vc-01726
                   Our File No:  1020.7346

Dear Judge Kane:

      Pursuant to your February 10, 2022 Order (Doc. 124), please consider this correspondence as Defendant TigerSwan's response to Plaintiffs' February 7, 2022 letter (Doc. 125), which was filed with this Court on February 10, 2022.

      Defendant TigerSwan is opposed to expanding the scope of discovery to include information and documents pertaining to services provided by TigerSwan to any pipeline projects other than the Mariner East II Pipeline, and in particular services it rendered in Huntingdon County. Information concerning TigerSwan's services for other projects are irrelevant to the legal issues presented in this matter. Also, forcing Defendant TigerSwan to produce information on those other projects would be unduly burdensome and it would grossly inflate the record in this matter.  Further, it is important to point out that Defendant TigerSwan never provided any services to ETP/Sunoco or any other entity in relation to the Bayou Bridge Pipeline. Also, Defendant TigerSwan does not dispute that it rendered various services to ETP/ Sunoco as it pertained to the Dakota Access Pipeline ("DAPL"), but the services that Defendant TigerSwan provided to ETP/Sunoco for DAPL were not the same as the services provided to ETP/Sunoco for the Mariner East II Pipeline. This undermines Plaintiffs' business practice/ routine argument raised under Federal Rule of Evidence 406.

The Honorable Yvette Kane
February 14, 2022
Page 2

     My client also has a limited ability to produce certain documents pertaining to the DAPL project because TigerSwan no longer physically possesses any documents regarding DAPL as all documentation is owned by ETP/Sunoco and any records have been turned over to ETP/Sunoco. If Plaintiffs continue to seek information on other pipeline projects, Defendant TigerSwan will pursue a protective order with this Court because it will place unreasonable burdens on Defendant TigerSwan in defending this matter.

     In terms of relevance, it is important to remember that only Plaintiffs Elise and Ellen Gerhart have claims against Defendant TigerSwan. Specifically, the remaining claims are: (1) a state nuisance claim concerning alleged surveillance efforts against Plaintiffs Ellen and Elise Gerhart while on their property as it pertained to their opposition of the Mariner East II Pipeline which Plaintiffs allege included the use of helicopters, lights, and unreasonable noise, (2) a state law invasion of privacy claim premised on a theory of false light in relation to alleged social media posts and website posts concerning Elise and Ellen Gerhart pertaining to their opposition of the Mariner East II Pipeline project, and (3) a state law trespass claim based on an allegation that there was an alleged "intruder" that came onto Plaintiff Ellen Gerhart's property that faked support of Plaintiff Ellen and Elise Gerharts' opposition to the Mariner East II Pipeline's construction. Accordingly, it is undeniable that (a) Plaintiffs' claims against TigerSwan surround events pertaining to the Mariner East II Pipeline only, (b) Plaintiffs Ellen and Elise Gerharts' claims against Defendant TigerSwan are premised on a theory that TigerSwan provided various services to ETP/Sunoco on the Mariner East II Pipeline that allegedly affected Plaintiffs Ellen and Elise Gerhart, and that (c) my client admitted that it provided security and surveillance services to ETP/Sunoco for the Mariner East II Pipeline and more specifically in the area near the Gerhart Property.

     Accordingly, what services TigerSwan provided to ETP/Sunoco for other pipeline projects has nothing to do with the legal issues in this case and Plaintiffs have many other discovery tools to gather information on TigerSwan's services rendered in relation to the Mariner East II Pipeline in Huntingdon County that they are ignoring. Notably, Plaintiffs only recently served written discovery requests on Defendant TigerSwan and that was at TigerSwan's counsel's suggestion when Plaintiffs' document demands for the TigerSwan designee deposition were not practical. Particularly, Defendant TigerSwan performed email server searches to locate documentation in anticipation of the designee deposition but due to the overbroad nature of the requests, the search resulted in over 50,000 pages of documents, most of which had nothing to do with the legal issues germane to this case.

     Further, Plaintiffs are going to be deposing various TigerSwan employees in the near future. In terms of Defendant Nick Johnson's deposition, Plaintiffs' counsel has mischaracterized Defendant Nick Johnson's deposition testimony. Defendant Nick Johnson did not refuse to answer questions about whether he worked with TigerSwan.  In fact, Defendant Nick Johnson

The Honorable Yvette Kane
February 14, 2022
Page 3

specifically testified that he was not working for TigerSwan in 2016 or 2017 and that he never had a contract with TigerSwan pertaining to any social media work he performed concerning the Gerharts. My office can provide the Court with a copy of the transcript if need be.

      Aside from deposing Defendant Johnson, Plaintiffs also have the ability to depose Robert Rice who Defendant Johnson admits to working with on his social media work pertaining to Camp White Pine and the Gerharts. These depositions coupled with Defendant TigerSwan's forthcoming document request responses along with Plaintiffs' ability to seek discovery from the other Defendants in this case should be sufficient for Plaintiffs' needs without having to expand discovery unnecessarily into TigerSwan's services rendered in relation to DAPL.

                            Very truly yours,

                            *S/Frank J. Lavery, Jr.*

                            Frank J. Lavery, Jr.

FJL:alp
cc:    Christopher Markos, Esquire (via ECF)
        Richard A. Raiders, Esquire (via ECF)
        Alan R. Boynton, Esquire (via ECF)
        Stephanie Carfley, Esquire (via ECF)
        Kandice Hull, Esquire (via ECF)
        Jessica S. Davis, Esquire (via ECF)
        Christopher P. Gerber, Esquire (via ECF)
        Connie E. Henderson, Esquire (via ECF)