# EXHIBIT 6

# Christopher Markos

| | |
|---|---|
| **From:** | Christopher Markos |
| **Sent:** | Friday, April 22, 2022 5:09 PM |
| **To:** | 'Elizabeth L. Kramer'; Aimee Paukovits |
| **Cc:** | rich@raiderslaw.com; Chris Gerber (cpgerber@sianalaw.com); Connie E. Henderson (cehenderson@sianalaw.com); Boynton, Alan (ABoynton@mcneeslaw.com); Carfley, Stephanie; jessicdavi@pa.gov; khull@mcneeslaw.com; Frank J. Lavery, Jr.; Mindy S. Kushner; Cathleen A. Sheaffer |
| **Subject:** | RE: Gerhart v. Energy Transfer Partners |

Do you have a proposal to limit the scope of the document request from the subpoena? My suggestion was not to limit it and instead you produce the documents you contend are discoverable and a log of what you contend is not. The timeline and terminology is often conflated, as evident from the Cedar Forks contract being referred to as "DAPL Information Operations" and Johnson submitting invoices for work for "DAPL" but which correspond to payments he also contended were in connection to his work targeting the Gerharts.

Christopher Markos, Esq.
**WILLIAMS CEDAR**
One South Broad Street, Suite 1510
Philadelphia, PA 19107
P: (215) 557-0099

NOTE OUR NEW ADDRESS

**From:** Elizabeth L. Kramer <ekramer@laverylaw.com>
**Sent:** Friday, April 22, 2022 4:14 PM
**To:** Christopher Markos <cmarkos@williamscedar.com>; Aimee Paukovits <apaukovits@laverylaw.com>
**Cc:** rich@raiderslaw.com; Chris Gerber (cpgerber@sianalaw.com) <cpgerber@sianalaw.com>; Connie E. Henderson (cehenderson@sianalaw.com) <cehenderson@sianalaw.com>; Boynton, Alan (ABoynton@mcneeslaw.com) <ABoynton@mcneeslaw.com>; Carfley, Stephanie <SCarfley@mcneeslaw.com>; jessicdavi@pa.gov; khull@mcneeslaw.com; Frank J. Lavery, Jr. <flavery@laverylaw.com>; Mindy S. Kushner <MKushner@laverylaw.com>; Cathleen A. Sheaffer <CSheaffer@laverylaw.com>
**Subject:** RE: Gerhart v. Energy Transfer Partners

Chris,

I am not sure what you mean by waiting five months? The first document requests we received were in February. Otherwise, the e-mail searches you are requesting be performed take a lot of time and resources on our client's end. Our clients attempted an extensive search in relation to the original designee notice, which proved untenable and took up a lot of time. Thereafter, our clients conducted another search after receiving the First Requests for Production of Documents. That took a lot of time. Also, it is unclear why you had to wait until now to present us with Requests No. 3, 6, 7, and 8 from the 3rd Set of Document Requests. Those could have been included in prior requests. I also believe that most of your requested searches in the 3rd Set of Requests are going to generally result in duplicates of what already was produced in our original search efforts.

As to your prior requests for our position on the NDA, we continue to take the position that the NDA is not relevant and outside the scope set forth by the Order. Accordingly, we are joining Nick Johnson's position that was laid in out in his counsel's recent correspondence.

For Robert Rice's deposition, we continue to take the position that the production request is too broad and contravenes the Court's Order on the scope of discovery. Also, Mr. Rice works on very sensitive matters in his professional career and therefore, we are designating his deposition as "Confidential" under the Confidentiality agreement in this matter.

Please let me know if you have any questions.

Thanks,

**Elizabeth L. Kramer, Esquire**
**Lavery Law**
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108
Phone: 717.233.6633
Fax: 717.233.7003
Email: ekramer@laverylaw.com
Web: www.laverylaw.com



  

**This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges; and is otherwise protected from disclosure under applicable law.  It constitutes non-public information intended to be conveyed only to the designated recipient(s).  If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.  The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**

---

**From:** Christopher Markos [mailto:cmarkos@williamscedar.com]
**Sent:** Friday, April 22, 2022 1:17 PM
**To:** Aimee Paukovits
**Cc:** rich@raiderslaw.com; Chris Gerber (cpgerber@sianalaw.com); Connie E. Henderson (cehenderson@sianalaw.com); Boynton, Alan (ABoynton@mcneeslaw.com); Carfley, Stephanie; jessicdavi@pa.gov; khull@mcneeslaw.com; Elizabeth L. Kramer; Frank J. Lavery, Jr.; Mindy S. Kushner; Cathleen A. Sheaffer
**Subject:** Re: Gerhart v. Energy Transfer Partners

Elizabeth and Frank,
I understand the argument that after waiting five months to receive documents, you consider follow up requests served within a week of receiving them "untimely". What is the basis for your blanket but unelaborated assertion that the Third RPDs create a "burden and hardship"? As you've stated it, it's inscrutable, but I believe they are very narrowly tailored and specific.  The chat log and emails were arguably covered by the original RPDs (and I've provided a limited set of search terms), the agreement with Johnson you've already indicated

you have, the license either exists or it doesn't, documents you will support your contentions with are arguably subject to self-executing disclosures, any correspondence between TigerSwan and ETP (et al) about PA Progress is necessarily limited in both time, scope, and subject.

Christopher Markos, Esq.
**WILLIAMS CEDAR**
One South Broad Street, Suite 1510
Philadelphia, PA 19107
P: (215) 557-0099
F: (215) 557-0673
https://www.williamscedar.com/

On Apr 21, 2022, at 12:01 PM, Aimee Paukovits <apaukovits@laverylaw.com> wrote:

> Attached please find correspondence relative to the above-referenced matter.
>
> Please contact our office with any questions.
>
> Thank you.
>
>
> Aimee Paukovits,
> Legal Assistant to
> Frank J. Lavery, Jr., Esquire
> Andrew W. Norfleet, Esquire
>
> Lavery Law
> 225 Market Street, Suite 304
> P.O. Box 1245
> Harrisburg, PA 17108
> Phone: 717.233.6633
> Fax: 717.233.7003
> Email: apaukovits@laverylaw.com
> Web: www.laverylaw.com
>
>
>
> This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges; and is otherwise protected from disclosure under applicable law.  It constitutes non-public information intended to be conveyed only to the designated recipient(s).  If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.  The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.