# EXHIBIT 9



Samuel Abloeser‡
Arthur L. Bugay‡†
David M. Cedar‡†*
Beth G. Cole‡
Shauna Friedman‡†ᵃ
Ari Goldberger‡†
Kevin Haverty‡†*
Christopher Markos‡†
Alan H. Sklarsky†
Gerald J. Williams‡†ᵃ

‡Member, Pennsylvania Bar
†Member, New Jersey Bar
ᵃMember, New York Bar

December 2, 2021

Frank J. Lavery, Jr.
Lavery Law
225 Market Street, Suite 304
Harrisburg, PA 17108
**Via email to flavery@laverylaw.com**

Dear Frank,

    This is in response to your letter dated November 18, 2021.

1.    Item 1

    I will agree to withdraw this item provided you agree to permit that it be replaced with the following:

    "Your Answer to the Complaint"

2.    Item 4

    We cannot agree to the limitation you propose. First, you have not identified the basis for your claim that the topic – "Nick Johnson, Robert Rice, and Kurt Merriweather" – is untenably overbroad. We would also not agree to limit this item to only work pertaining to the Mariner East 2 project specifically near the Gerhart property. TigerSwan zealously denies the allegations in the complaint. Through third-party discovery, it has been determined that Robert Rice, acting on TigerSwan's behalf but for whom TigerSwan has no contact information, set up a middle-man to deal with Nick Johnson to provide TigerSwan social media services related to the Sunoco defendants' Mariner East 2 project. Publicly available reporting describes collaborations between Nick Johnson and Robert Rice that pertains to Sunoco defendants' DAPL, for which TigerSwan provided services to the Sunoco defendants, and discovery has demonstrated that Nick Johnson provided services on behalf of Sunoco defendants' Bayou Bridge Pipeline in Louisiana, for which TigerSwan sought to provide services by setting up an apparent shell corporation after it was unable to obtain a license to operate in Lousiana. These allegations are also set forth in the complaint, and overcame your motion to dismiss. So long as the relationship and interplay of these parties and third parties is denied, Plaintffs are entitled to prove the allegations in the complaint through circumstantial evidence and evidence of a



*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

○ One South Broad Street, Suite 1510
   Philadelphia, PA 19107
   215.557.0099

www.williamscedar.com

○ 8 Kings Highway West, Suite B
   Haddonfield, NJ 08033
   856.470.9777



corporation's "routine practice." That said, we can agree to limit the scope of this request to "from 2015 to today."

    3. <u>Item 5</u>

We would agree to this modification, with the addition of "any documents created by or for TigerSwan regarding same."

    4. <u>Item 7</u>

For reasons similar to those already stated regarding Item 4, I do not agree to this limitation. As TigerSwan has zealously denied the allegations in the complaint, evidence of similar conduct elsewhere in Pennsylvania is relevant, and the complete absence of any similar conduct is also relevant to show that the Gerharts were singularly mistreated, and relevant to Ellen Gerhart's defense of Sunoco's counterclaims. We think this request is necessarily limited in time, but we would agree to explicitly limit it to "from 2015 to today."

I hope this letter will satisfy the concerns you raised.

Very truly yours,

<u>/s/ CHRISTOPHER MARKOS</u>

Christopher Markos, Esq.

cc: Rich Raiders, Esq.