# EXHIBIT 10



December 22, 2021

Samuel Abloeser‡
Arthur L. Bugay‡†
David M. Cedar‡†*
Beth G. Cole‡
Shauna Friedman‡†ª
Ari Goldberger‡†
Kevin Haverty‡†*
Christopher Markos‡†
Alan H. Sklarsky†
Gerald J. Williams‡†ª

‡Member, Pennsylvania Bar
†Member, New Jersey Bar
ªMember, New York Bar

Frank J. Lavery, Jr.
Lavery Law
225 Market Street, Suite 304
Harrisburg, PA 17108
**Via email to flavery@laverylaw.com**

Dear Frank,

This is in response to your letter dated December 14, 2021.

<u>Items 4 and 7</u>

In light of the letter sent on behalf of Sunoco last week clarifying that it is not claiming damages for security services beyond the Gerhart property, we can agree to limiting the scope of Item 7. Regarding TigerSwan's conduct "elsewhere than Huntingdon County," particularly subsections (b), (e), (f), and (g), the Court's memorandum opinion on the motions to dismiss determined that "allegations, including Defendant TigerSwan's past use of drones and helicopters for the purpose of surveillance of the Standing Rock demonstrators on behalf of the Sunoco Defendants" were relevant to establishing that TigerSwan engaged in the same conduct with respect to the Gerharts and their property.

For the same reason, any prior or subsequent collaboration between TigerSwan and Nick Johnson is relevant to show that TigerSawn collaborated with Nick Johnson on PA Progress and Black Badger Report, especially where there are such parallels between these projects as, for example, the videos using the same actor on PA Progress and for a video supporting the Bayou Bridge pipeline.

While I do not disagree that your proposed amendment of Item 4 could establish TigerSwan's involvement with the social media monitoring of and campaign against the Gerharts, that is a certainty that it would. So, to avoid motion practice, I would agree to make inquiry into "Nick Johnson, Robert Rice, and Kurt Merriweather," pertaining to DAPL and the Bayou Bridge Pipeline, conditional, and need not be asked provided the testimony on your amended Item 4 confirms TigerSwan's involvement in social media monitoring of and campaign against the Gerharts set forth more fully in the complaint and deposition testimony, provided TigerSwan agrees to produce a corporate designee prepared to testify on the conditional subject area.



*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

○ One South Broad Street, Suite 1510
Philadelphia, PA 19107
215.557.0099

www.williamscedar.com



○ 8 Kings Highway West, Suite B
Haddonfield, NJ 08033
856.470.9777

If you we cannot agree to these terms, Plaintiffs intend to file a motion to compel.

Very truly yours,

*/s/ CHRISTOPHER MARKOS*

Christopher Markos, Esq.

cc: Rich Raiders, Esq. (via email)
   Other counsel of record (via email)