# EXHIBIT 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELLEN GERHART, *et al.*, | : | CIVIL ACTION |
|    Plaintiff, | : | CASE NO.: 1:17-cv-1726 |
| | : | |
| v. | : | |
| | : | |
| ENERGY TRANSFER PARTNERS, *et al.*, | : | |
|    Defendants. | : | |

**DEFENDANT TIGERSWAN'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

AND NOW, Defendant TigerSwan, by and through its counsel, Lavery Law, file these Responses and Objections to Plaintiff's First Set of Requests for Production of Documents and state as follows:

**GENERAL OBJECTIONS**

1. Defendant TigerSwan's investigation into this matter is ongoing, and Defendant TigerSwan reserves the right to rely upon any facts, documents or other evidence that may come to its attention at a later time. Defendant TigerSwan' responses to these requests are based upon information known to it at this time, and such responses are set forth without prejudice to the right to provide supplemental responses in the event Defendant TigerSwan discovers additional documents or information relevant to these requests. Defendant TigerSwan reserves the right to supplement or amend these responses at any time prior to the trial of this action.

2. Defendant TigerSwan objects to each and every document request to the extent that Plaintiffs already possess or have equal access to the information sought.

3. Defendant TigerSwan objects to each and every document request to the extent that they seek information that is privileged under the law and protected from discovery, such as the attorney/client privilege, work product doctrine, executive privilege and any other applicable privilege, doctrine or immunity.

4. Defendant TigerSwan objects to each and every document request to the extent that they seek information which is not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant TigerSwan objects to each and every document request to the extent that they are overbroad and to the extent that any attempt to respond would be unduly burdensome, expensive, vexatious, harassing, and/or oppressive.

1

6. Defendant TigerSwan objects to each and every document request to the extent that the burden of providing the information requested therein is disproportional to the needs of the case.

## ANSWERS AND SPECIFIC OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents referencing the following individuals: Nick Johnson, Robert Rice, Kurt Merriweather, Ellen Gerhart, Elise Gerhart, Alex Lotorto, Judge George Zanic, Kurt Knaus.

**RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome because the Request has no temporal and/or topical limitations on the scope of the Request. In this regard, Defendant TigerSwan will endeavor to respond to this request by searching the entity's email records. Accordingly, Defendant TigerSwan's search will be limited to April 1, 2017- October 31, 2018 as Defendant TigerSwan's services with Defendants ETP/ Sunoco for the Mariner East II Pipeline began on April 26, 2017 and Defendants ETP/ Sunoco terminated TigerSwan's contracted services in the area near the Gerhart property (Spread 3) on October 19, 2018. Further, as it relates to the lack of topical limitations and scope, this Request seeks information that is not relevant nor likely to lead to any relevant information in the present matter. Accordingly, Defendant TigerSwan's search will be limited to documents referencing Nick Johnson, Robert Rice, Kurt Merriweather, Ellen Gerhart, Elise Gerhart, Alex Lotorto, Judge George Zanic, and Kurt Knaus that relate to Defendant TigerSwan's services provided to Defendants ETP/ Sunoco for the Mariner East II Pipeline in Spread 3 and Spread 6. Moreover, Defendant TigerSwan objects to this Request to the extent that it requests information protected by attorney-client privilege and work product doctrine.**

**Notwithstanding the foregoing objections and without waiver thereof, please see attached documents.**

2.	All documents referencing Frank Recknagel and any of the following terms (in any combination): Gerhart(s), Camp White Pine, Trough Creek, direct action, protest(or[s]), Pennsylvania State Police, Huntingdon County Sherriff.

**RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome because the Request has no temporal and/or topical limitations on the scope of the Request. In this regard, Defendant TigerSwan will endeavor to respond to this request by searching the entity's email records. Accordingly, Defendant TigerSwan's search will be limited to April 1, 2017- October 31, 2018 as Defendant TigerSwan's services with Defendants ETP/ Sunoco for the Mariner East II Pipeline began on April 26, 2017 and Defendants ETP/ Sunoco terminated TigerSwan's contracted services in the area near the Gerhart property (Spread 3) on October 19, 2018. Further, as it relates to the lack of topical limitations and scope, this Request seeks information that is not relevant nor likely to lead to any relevant information in the present matter. Also, Defendant TigerSwan objects to this request to the extent that the terms "direct action" and "protest(or[s])" are vague and confusing as these terms are subject to multiple reasonable interpretations. The intended meanings are not clear to Defendant TigerSwan. It is for that reason that Defendant TigerSwan objects to this Request on the basis that it is vague and confusing.  Accordingly, Defendant TigerSwan's search will be limited to documents referencing the Gerharts, Camp White Pine, Trough Creek, protests, the Pennsylvania State Police, and Huntingdon County Sheriff that relate to Defendant TigerSwan's services provided to Defendants ETP/ Sunoco for the Mariner East II Pipeline in Spread 3 and Spread 6. Moreover, Defendant TigerSwan objects to this Request to the extent that it requests information protected by attorney-client privilege and work product doctrine.**

**Notwithstanding the foregoing objections and without waiver thereof, please see attached documents.**

3

3. All documents referencing the following entities or things: PA Progress, Louisiana First, Green Libertarian Unity, Camp White Pine, "Pennsylvania Pipeline Project," Pennsylvania Energy Infrastructure Alliance.

**RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome because the Request has no temporal and/or topical limitations on the scope of the Request. In this regard, Defendant TigerSwan will endeavor to respond to this request by searching the entity's email records. Accordingly, Defendant TigerSwan's search will be limited to April 1, 2017- October 31, 2018 as Defendant TigerSwan's services with Defendants ETP/ Sunoco for the Mariner East II Pipeline began on April 26, 2017 and Defendants ETP/ Sunoco terminated TigerSwan's contracted services in the area near the Gerhart property (Spread 3) on October 19, 2018. Further, as it relates to the lack of topical limitations and scope, this Request seeks information that is not relevant nor likely to lead to any relevant information in the present matter. Accordingly, Defendant TigerSwan's search will be limited to documents referencing PA Progress, Louisiana First, Green Libertarian Unity, Camp White Pine, Pennsylvania Pipeline Project, and Pennsylvania Energy Infrastructure Alliance that relate to Defendant TigerSwan's services provided to Defendants ETP/ Sunoco for the Mariner East II Pipeline in Spread 3 and Spread 6. Moreover, Defendant TigerSwan objects to this Request to the extent that it requests information protected by attorney-client privilege and work product doctrine.**

**Notwithstanding the foregoing objections and without waiver thereof, please see attached documents.**

      4.      All documentation of the use of any non-bodyworn cameras and lighting equipment on any part of the Gerhart property and any property immediately adjacent to the Gerhart property, including any actual photographs or video capturing Ellen Gerhart, Elise Gerhart, their house, and their cars.

      **RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome because the Request lacks sufficient temporal and/or topical limitations on the scope of the Request. In this regard, Defendant TigerSwan's response will be limited to documents and information dating from the time period when Defendant TigerSwan provided services to Defendants ETP/ Sunoco in relation to the Mariner East II Pipeline in the Spread 3 area. As such the e-mail search performed by Defendant TigerSwan in preparing to respond to this Request was limited to April 1, 2017 to October 31, 2018. Further, as it relates to the lack of topical limitations, this Request seeks information that is not relevant nor likely to lead to any relevant information in the present matter. Accordingly, Defendant TigerSwan will limit the scope of this Request to documentation of the use of any non-bodyworn cameras and lighting equipment used by Defendant TigerSwan and/or its employees on the Gerhart property as well as any photographs and video capturing Ellen Gerhart, Elise Gerhart, their house and their cars. Moreover, Defendant TigerSwan objects to this Request to the extent that it requests information protected by attorney-client privilege and work product doctrine.**

      **Notwithstanding the foregoing objections and without waiver thereof, see attached. Additionally, please refer to the documents produced by Defendants ETP/Sunoco to the extent those documents are responsive. By way of further response, Defendant ETP/ Sunoco directed Defendant TigerSwan to use game-cameras along the right-of-way on the Gerhart property to capture evidence of sabotage of construction equipment and other property. When the cameras were used, they were placed facing the jobsite/ construction equipment. The cameras were not the property of Defendant TigerSwan and any footage taken from said cameras is not in the possession of Defendant TigerSwan. Additionally, mobile lighting equipment was used along the row-of-way area on the Gerhart property as a normal construction site practice during the evening to deter sabotage of construction equipment/ client property. The lighting was directed at construction equipment and near construction areas. The mobile lighting units were not the property of Defendant TigerSwan.**

5.  All documentation of the use of drone over any part of the Gerhart property.

**RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome because the Request lacks sufficient topical limitations. In this regard, Defendant TigerSwan's response will be limited to any use of drones by Defendant TigerSwan and/or its employees for Defendants ETP/ Sunoco over any part of the Gerhart property.**

**Notwithstanding the foregoing objection and without waiver thereof, Defendant TigerSwan has no such documentation because Defendant TigerSwan and/or its employees did no use any drones over the Gerhart property in rendering its services to Defendants ETP/ Sunoco. By way of further response, upon information and belief, any drones used over the Gerhart property for the benefit of Defendants ETP/ Sunoco would have been done by Defendants ETP/ Sunoco and/or other individuals and/or entities that Defendants ETP/ Sunoco contracted with other than Defendant TigerSwan.**

6.  All documentation of any helicopter flights that occurred in whole or in part in

Huntingdon County from 2017-2022.

**RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome because the Request lacks sufficient topical limitations. In this regard, Defendant TigerSwan's response will be limited to any helicopter flights performed by Defendant TigerSwan and/or its employees for Defendants ETP/ Sunoco in Huntingdon County, Pennsylvania.**

**Notwithstanding the foregoing objection and without waiver thereof, Defendant TigerSwan has no such documentation because Defendant TigerSwan and/or its employees performed no helicopter flights for Defendants ETP/ Sunoco in Huntingdon County, Pennsylvania, from 2017-2018.**

7. Any written agreement with any subcontractors hired to work in support of Spread 3.

**RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome because the Request lacks sufficient temporal and/or topical limitations. In this regard, Defendant TigerSwan's response will be limited to any written agreements that Defendant TigerSwan had with any subcontractors that it hired in support of the services Defendant TigerSwan was performing for Defendants ETP/ Sunoco on the Mariner East II Pipeline in the Spread 3 area.**

**Notwithstanding the foregoing objections and without waiver thereof, see attached.**

8. Any copies of the photographs contained in "Gerhart 00061-63" (attached hereto), and any documents identifying the sources of those photographs.

**RESPONSE: None in Defendant TigerSwan's possession. By way of further response, the documents contained in Gerhart 00061-63 was not created by Defendant TigerSwan and/or its employees. Also, Defendant TigerSwan and/or its employees did not provide the information and/or pictures used to create this document.**

                                        Respectfully submitted,

                                        Lavery Law

DATE: <u>April 8, 2022</u>          By:   <u>*s/ Frank J. Lavery, Jr.*</u>
                                        Frank J. Lavery, Jr., Esquire
                                        Elizabeth L. Kramer, Esquire
                                        225 Market Street, Suite 304
                                        P.O. Box 1245
                                        Harrisburg, PA 17108-1245
                                        (717) 233-6633 (telephone)
                                        (717) 233-7003 (facsimile)
                                        ekramer@laverylaw.com
                                        flavery@laverylaw.com
                                        Attorneys for Defendant TigerSwan

**CERTIFICATE OF SERVICE**

    I, Cathleen A. Sheaffer, an employee with Lavery Law, do hereby certify that on this 8th day of April, 2022, I served a full and complete copy of the foregoing Responses to Plaintiff's First Set of Requests for Production of Documents via E-mail on the following:

Christopher Markos, Esquire
Williams Cedar
1515 Market Street, Suite 1300
Philadelphia, PA 19102
Email: cmarkos@williamscedar.com

Richard A. Raiders, Esquire
Lengert & Raiders, LLC
606 N. 5th Street
Reading, PA 19601
Email: rich@raiderslaw.com

Alan R. Boynton, Jr., Esquire
Stephanie Carfley, Esquire
Kandice K. Hull, Esquire
McNees, Wallace & Nurick, LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108
Email: ABoynton@mcneeslaw.com
Email: SCarfley@mcneeslaw.com
Email: KHall@mcneeslaw.com

Christopher P. Gerber, Esquire
Connie Henderson, Esquire
Siana Law
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
Email: cpgerber@sianalaw.com
Email: cehenderson@sianalaw.com

Jessica S. Davis, Esquire
Lindsey A. Bedell, Esquire
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Email: jessicdavi@pa.gov
Email: lbedell@attorneygeneral.gov

                                  *s/ Cathleen A. Sheaffer*
                                  Cathleen A. Sheaffer, RP, Pa.C.P.
                                  Senior Paralegal