# EXHIBIT 15

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN GERHART, *et al.*, | : | CIVIL ACTION |
|    Plaintiff, | : | CASE NO.: 1:17-cv-1726 |
| | : | |
| v. | : | |
| | : | |
| ENERGY TRANSFER PARTNERS, *et al.*, | : | |
|    Defendants. | : | |

### DEFENDANT TIGERSWAN'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

AND NOW, Defendant TigerSwan, by and through its counsel, Lavery Law, files these Responses and Objections to Plaintiff's Second Set of Requests for Production of Documents and state as follows:

### GENERAL OBJECTIONS

1. Defendant TigerSwan's investigation into this matter is ongoing, and Defendant TigerSwan reserves the right to rely upon any facts, documents or other evidence that may come to its attention at a later time. Defendant TigerSwan' responses to these requests are based upon information known to it at this time, and such responses are set forth without prejudice to the right to provide supplemental responses in the event Defendant TigerSwan discovers additional documents or information relevant to these requests. Defendant TigerSwan reserves the right to supplement or amend these responses at any time prior to the trial of this action.

2. Defendant TigerSwan objects to each and every document request to the extent that Plaintiffs already possess or have equal access to the information sought.

3. Defendant TigerSwan objects to each and every document request to the extent that they seek information that is privileged under the law and protected from discovery, such as the attorney/client privilege, work product doctrine, executive privilege and any other applicable privilege, doctrine or immunity.

4. Defendant TigerSwan objects to each and every document request to the extent that they seek information which is not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant TigerSwan objects to each and every document request to the extent that they are overbroad and to the extent that any attempt to respond would be unduly burdensome,

1

expensive, vexatious, harassing, and/or oppressive.

      6.    Defendant TigerSwan objects to each and every document request to the extent that the burden of providing the information requested therein is disproportional to the needs of the case.

## ANSWERS AND SPECIFIC OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1. All records of payment made by you, for the years 2016-2017, to:
    a. Cedar Fork Partners
    b. Kurt Merriweather
    c. Defendant Nick Johnson
    d. Robert Rice

**RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome. Further, Defendant TigerSwan objects to this Request because it seeks information that is not relevant nor likely to lead to any relevant information in the present matter. In this regard, Defendant TigerSwan will limit this request to all records of payment made by Defendant TigerSwan to Cedar Fork Partners, Kurt Merriweather, Defendant Nick Johnson, and Robert Robert for the years 2016-2017 for work and services performed in relation to the Mariner East II Pipeline in accordance with this Court's March 4, 2022 Order, which declined to broaden the scope of discovery with unrelated pipeline projects.**

**Notwithstanding the foregoing objections and without waiver thereof, none.**

2. All records of payment made by you, for the years 2018-2019, to:
    a. Raven Knights
    b. Otis Eastern
    c. JAB Inspections

**RESPONSE: Objection. Defendant TigerSwan objects to the foregoing Request to the extent that it is overly broad and unduly burdensome. Further, Defendant TigerSwan objects to this Request because it seeks information that is not relevant nor likely to lead to any relevant information in the present matter. In this regard, Defendant TigerSwan will limit this request to all records of payment made by Defendant TigerSwan to Raven Knights, Otis Eastern, and JAB Inspections for work and services performed in relation to the Mariner East II Pipeline in accordance with this Court's March 4, 2022 Order, which declined to broaden the scope of discovery with unrelated pipeline projects. Additionally, Defendant TigerSwan will limit this request to January 1, 2018 until October 31, 2018, as Defendant TigerSwan's services with Defendants ETP/ Sunoco for the Mariner East II Pipeline began on April 26, 2017 and Defendants ETP/ Sunoco terminated TigerSwan's contracted services in the area near the Gerhart property (Spread 3) on October 19, 2018.**

**Notwithstanding the foregoing objections and without waiver thereof, please refer to the documents produced by Defendant TigerSwan in response to Plaintiff's First Set of Requests for Production of Documents as well as the documents attached hereto.**

3. Any agreement between you and Nick Johnson—whether or not there are additional parties to any such agreement—which formed, or supports, the basis for his answers to deposition questions on pages 9 and 67-68 of his deposition that he was "not at liberty to speak of that" and that he "legally can't talk about that" and that "I am not allowed to discuss that" and that" cannot discuss that."

**RESPONSE: Objection. Defendant objects to this Request to the extent that it seeks information and/or documents that Defendant TigerSwan cannot possess and/or locate after reasonable investigation because the Requests asks Defendant TigerSwan to speculate as to the intended meaning of Defendant Nick Johnson's deposition testimony. In particular, Defendant TigerSwan cannot speak Defendant Nick Johnson's state of mind at his deposition. Further, Defendant TigerSwan objects to this Request because it seeks information that is not relevant nor likely to lead to any relevant information in the present matter. In this regard, Defendant TigerSwan will limit this request to any agreements between TigerSwan and Nick Johnson that pertain to the Mariner East II Pipeline in accordance with this Court's March 4, 2022 Order, which declined to broaden the scope of discovery with unrelated pipeline projects.**

**Notwithstanding the foregoing objections and without waiver thereof, there is no Non-Disclosure Agreement between Defendant TigerSwan and Defendant Nick Johnson that would pertain to any alleged work Nick Johnson performed in relation to the Mariner East II Pipeline.**

4. If your response to the foregoing request is "none"; any agreement, or any communications about any such agreement, between you and Nick Johnson whereby Johnson agreed not to disclose information.

**RESPONSE: Objection. Defendant objects to this Request to the extent that it seeks information and/or documents that Defendant TigerSwan cannot possess and/or locate after reasonable investigation because the Requests asks Defendant TigerSwan to speculate as to the intended meaning of Defendant Nick Johnson's deposition testimony. In particular, Defendant TigerSwan cannot speak to Defendant Nick Johnson's state of mind at his deposition. Further, Defendant TigerSwan objects to this Request because it seeks information that is not relevant nor likely to lead to any relevant information in the present matter. In this regard, Defendant TigerSwan will limit this request to any agreements or communications between TigerSwan and Nick Johnson that pertain to the Mariner East II Pipeline in accordance with this Court's March 4, 2022 Order, which declined to broaden the scope of discovery with unrelated pipeline projects.**

**Notwithstanding the foregoing objections and without waiver thereof, none.**

Respectfully submitted,

Lavery Law

DATE: <u>April 11, 2022</u>   By: <u>  *s/ Frank J. Lavery, Jr.*  </u>
Frank J. Lavery, Jr., Esquire
Elizabeth L. Kramer, Esquire
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
ekramer@laverylaw.com
flavery@laverylaw.com
Attorneys for Defendant TigerSwan

**CERTIFICATE OF SERVICE**

I, Cathleen A. Sheaffer, an employee with Lavery Law, do hereby certify that on this 11th day of April, 2022, I served a full and complete copy of the foregoing Responses to Plaintiff's Second Set of Requests for Production of Documents via E-mail on the following:

Christopher Markos, Esquire
Williams Cedar
1515 Market Street, Suite 1300
Philadelphia, PA 19102
Email: cmarkos@williamscedar.com


Richard A. Raiders, Esquire
Lengert & Raiders, LLC
606 N. 5th Street
Reading, PA 19601
Email: rich@raiderslaw.com


Alan R. Boynton, Jr., Esquire
Stephanie Carfley, Esquire
Kandice K. Hull, Esquire
McNees, Wallace & Nurick, LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108
Email: ABoynton@mcneeslaw.com
Email: SCarfley@mcneeslaw.com
Email: KHall@mcneeslaw.com


Christopher P. Gerber, Esquire
Connie Henderson, Esquire
Siana Law
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
Email: cpgerber@sianalaw.com
Email: cehenderson@sianalaw.com

Jessica S. Davis, Esquire
Lindsey A. Bedell, Esquire
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Email: jessicdavi@pa.gov
Email: lbedell@attorneygeneral.gov

                                               *s/ Cathleen A. Sheaffer*
                                               Cathleen A. Sheaffer, RP, Pa.C.P.
                                               Senior Paralegal