# EXHIBIT 26

# Christopher Markos

| | |
|---|---|
| **From:** | Elizabeth L. Kramer <ekramer@laverylaw.com> |
| **Sent:** | Wednesday, April 13, 2022 12:13 PM |
| **To:** | Christopher Markos |
| **Cc:** | Cathleen A. Sheaffer; jessicdavi@pa.gov; khull@mcneeslaw.com; Chris Gerber (cpgerber@sianalaw.com); Boynton, Alan (ABoynton@mcneeslaw.com); rich@raiderslaw.com; lbedell@attorneygeneral.gov; Carfley, Stephanie (SCarfley@mcneeslaw.com); Connie E. Henderson (cehenderson@sianalaw.com); Frank J. Lavery, Jr.; Aimee Paukovits; Mindy S. Kushner |
| **Subject:** | RE: Gerhart, Ellen, et al. v. Energy Transfer Partners, et al. - Defendant TigerSwan's Responses to Plaintiff's 2nd Set of Requests for Production of Documents |

Chris,

We do not feel that the ME2 scope limitation is improper in light of the Order issued by Judge Kane in this case. It is our client's interpretation of the agreement that does exist that the agreement did not prevent his deposition testimony and does not exclude Johnson from speaking about work he performed on ME2. There also was no agreement entered into between TigerSwan and Nick Johnson specifically related to work he performed on ME2. Again, it remains TigerSwan's position that it was not involved in the work that Johnson performed as he was not supervised by TigerSwan employees and did not receive direction from them. Robert Rice was not and is not an employee of TigerSwan. Also, Johnson himself testified that he never had a contract with TigerSwan pertaining to any social media work he performed concerning the Gerharts.

Accordingly, any agreement between TigerSwan and Johnson has no relevance to this case. If you can articulate why it would be, we will discuss this further with our client.

Thanks,

**Elizabeth L. Kramer, Esquire**
**Lavery Law**
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108
Phone: 717.233.6633
Fax: 717.233.7003
Email: ekramer@laverylaw.com
Web: www.laverylaw.com



  

This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges; and is otherwise protected from disclosure under applicable law. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible

**for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.  The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**

---

**From:** Christopher Markos [mailto:cmarkos@williamscedar.com]
**Sent:** Wednesday, April 13, 2022 11:55 AM
**To:** Elizabeth L. Kramer
**Cc:** Cathleen A. Sheaffer; jessicdavi@pa.gov; khull@mcneeslaw.com; Chris Gerber (cpgerber@sianalaw.com); Boynton, Alan (ABoynton@mcneeslaw.com); rich@raiderslaw.com; lbedell@attorneygeneral.gov; Carfley, Stephanie (SCarfley@mcneeslaw.com); Connie E. Henderson (cehenderson@sianalaw.com); Frank J. Lavery, Jr.; Aimee Paukovits; Mindy S. Kushner
**Subject:** Re: Gerhart, Ellen, et al. v. Energy Transfer Partners, et al. - Defendant TigerSwan's Responses to Plaintiff's 2nd Set of Requests for Production of Documents

The requests are clear, but even accepting your position that #3 is "ambiguous," #4 is plainly not. It asks if TigerSwan had an agreement with Nick Johnson that contained certain terms or obligations. The deficiency of the response to #4 is it's limitation to ME2.

I feel obliged to add that Frank announced at the beginning of Nick Johnson's deposition - before going on the record - that there was an agreement between Johnson and TigerSwan, but that it would not limit his ability to testify that day.  I think we would all benefit from putting this issue to bed now.

Christopher Markos, Esq.
**WILLIAMS CEDAR**
One South Broad Street, Suite 1510
Philadelphia, PA 19107
P: (215) 557-0099
F: (215) 557-0673
https://www.williamscedar.com/

On Apr 13, 2022, at 11:25 AM, Elizabeth L. Kramer <ekramer@laverylaw.com> wrote:

> Chris,
>
> I don't think that is necessarily what the Request is asking. It is phrased in a way that it is based off Nick Johnson's deposition testimony. I see no reason at this point to revise our client's response to the request; however, as you have indicated that you are going to be serving additional discovery requests on TigerSwan, I would suggest clarifying this request in those forthcoming requests if you do not feel that our response gets at what you were seeking to ask for.
>
> Thanks,
>
> **Elizabeth L. Kramer, Esquire**
> **Lavery Law**
> 225 Market Street, Suite 304
> P.O. Box 1245
> Harrisburg, PA 17108

Phone: 717.233.6633
Fax: 717.233.7003
Email: ekramer@laverylaw.com
Web: www.laverylaw.com



 

**This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges; and is otherwise protected from disclosure under applicable law.  It constitutes non-public information intended to be conveyed only to the designated recipient(s).  If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.  The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**

---

**From:** Christopher Markos [mailto:cmarkos@williamscedar.com]
**Sent:** Monday, April 11, 2022 4:13 PM
**To:** Elizabeth L. Kramer; Cathleen A. Sheaffer; jessicdavi@pa.gov; KHull@mcneeslaw.com; Chris Gerber (cpgerber@sianalaw.com); Boynton, Alan (ABoynton@mcneeslaw.com); rich@raiderslaw.com; lbedell@attorneygeneral.gov; Carfley, Stephanie (SCarfley@mcneeslaw.com); Connie E. Henderson (cehenderson@sianalaw.com)
**Cc:** Frank J. Lavery, Jr.; Aimee Paukovits; Mindy S. Kushner
**Subject:** RE: Gerhart, Ellen, et al. v. Energy Transfer Partners, et al. - Defendant TigerSwan's Responses to Plaintiff's 2nd Set of Requests for Production of Documents

If your response is that, without qualification, there is no agreement, then I've misunderstood.  If that's the case, please confirm, and no further discussion or action would be necessary.

Christopher Markos, Esq.
**WILLIAMS CEDAR**
One South Broad Street, Suite 1510
Philadelphia, PA 19107
P: (215) 557-0099

NOTE OUR NEW ADDRESS

---

**From:** Christopher Markos
**Sent:** Monday, April 11, 2022 3:54 PM
**To:** 'Elizabeth L. Kramer' <ekramer@laverylaw.com>; Cathleen A. Sheaffer <CSheaffer@laverylaw.com>; jessicdavi@pa.gov; KHull@mcneeslaw.com; Chris Gerber (cpgerber@sianalaw.com) <cpgerber@sianalaw.com>; Boynton, Alan (ABoynton@mcneeslaw.com) <ABoynton@mcneeslaw.com>; rich@raiderslaw.com; lbedell@attorneygeneral.gov; Carfley, Stephanie (SCarfley@mcneeslaw.com)

3

<SCarfley@mcneeslaw.com>; Connie E. Henderson (cehenderson@sianalaw.com) <cehenderson@sianalaw.com>
**Cc:** Frank J. Lavery, Jr. <flavery@laverylaw.com>; Aimee Paukovits <apaukovits@laverylaw.com>; Mindy S. Kushner <MKushner@laverylaw.com>
**Subject:** RE: Gerhart, Ellen, et al. v. Energy Transfer Partners, et al. - Defendant TigerSwan's Responses to Plaintiff's 2nd Set of Requests for Production of Documents

I'm taking issue with the qualification that there is no document "that would pertain to any alleged work Nick Johnson performed in relation to the Mariner East II Pipeline." That was a limitation you supplied, not from the request, and, for the reasons I've already stated, unwarranted since the existence of the agreement does not seek information about "conduct concerning pipeline projects in other states that are wholly unrelated to the Mariner 2 East pipeline," but rather the employment/agency relationship between the two defendants.

Christopher Markos, Esq.
**WILLIAMS CEDAR**
One South Broad Street, Suite 1510
Philadelphia, PA 19107
P: (215) 557-0099

NOTE OUR NEW ADDRESS

---

**From:** Elizabeth L. Kramer <ekramer@laverylaw.com>
**Sent:** Monday, April 11, 2022 3:51 PM
**To:** Christopher Markos <cmarkos@williamscedar.com>; Cathleen A. Sheaffer <CSheaffer@laverylaw.com>; jessicdavi@pa.gov; KHull@mcneeslaw.com; Chris Gerber (cpgerber@sianalaw.com) <cpgerber@sianalaw.com>; Boynton, Alan (ABoynton@mcneeslaw.com) <ABoynton@mcneeslaw.com>; rich@raiderslaw.com; lbedell@attorneygeneral.gov; Carfley, Stephanie (SCarfley@mcneeslaw.com) <SCarfley@mcneeslaw.com>; Connie E. Henderson (cehenderson@sianalaw.com) <cehenderson@sianalaw.com>
**Cc:** Frank J. Lavery, Jr. <flavery@laverylaw.com>; Aimee Paukovits <apaukovits@laverylaw.com>; Mindy S. Kushner <MKushner@laverylaw.com>
**Subject:** RE: Gerhart, Ellen, et al. v. Energy Transfer Partners, et al. - Defendant TigerSwan's Responses to Plaintiff's 2nd Set of Requests for Production of Documents

Chris,

Request No. 3 asks us to guess or interpret Nick Johnson's state of mind in order to produce documents. We cannot know what he was thinking. However, it is our position that that no such agreement between TigerSwan and Nick Johnson exists that would prevent Nick Johnson from testifying as to the questions he was posed with on the pages referenced in the request. Therefore, our answer is none and we even clarified that there is no Non-Disclosure Agreement between Defendant TigerSwan and Defendant Nick Johnson that would pertain to any alleged work Nick Johnson performed in relation to the Mariner East II Pipeline. That answer ties into our response to Request No. 4.

Therefore, I am confused as to what else you are looking for?

Thanks,

**Elizabeth L. Kramer, Esquire**
**Lavery Law**
225 Market Street, Suite 304
P.O. Box 1245

4

Harrisburg, PA 17108
Phone: 717.233.6633
Fax: 717.233.7003
Email: ekramer@laverylaw.com
Web: www.laverylaw.com





**This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges; and is otherwise protected from disclosure under applicable law.  It constitutes non-public information intended to be conveyed only to the designated recipient(s).  If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.  The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**

---

**From:** Christopher Markos [mailto:cmarkos@williamscedar.com]
**Sent:** Monday, April 11, 2022 3:39 PM
**To:** Cathleen A. Sheaffer; jessicdavi@pa.gov; KHull@mcneeslaw.com; Chris Gerber (cpgerber@sianalaw.com); Boynton, Alan (ABoynton@mcneeslaw.com); rich@raiderslaw.com; lbedell@attorneygeneral.gov; Carfley, Stephanie (SCarfley@mcneeslaw.com); Connie E. Henderson (cehenderson@sianalaw.com)
**Cc:** Frank J. Lavery, Jr.; Elizabeth L. Kramer; Aimee Paukovits; Mindy S. Kushner
**Subject:** RE: Gerhart, Ellen, et al. v. Energy Transfer Partners, et al. - Defendant TigerSwan's Responses to Plaintiff's 2nd Set of Requests for Production of Documents

With respect to your answers #s 3-4, I will simply refer to my letter from earlier today addressed to Chris Gerber.  The request for agreements between Nick Johnson and TigerSwan – contemporaneous with the time when he was posting on PA Progress - does not seek information about "conduct concerning pipeline projects in other states that are wholly unrelated to the Mariner 2 East pipeline."  Please provide any responsive agreement within 15 days.

Christopher Markos, Esq.
**WILLIAMS CEDAR**
One South Broad Street, Suite 1510
Philadelphia, PA 19107
P: (215) 557-0099

NOTE OUR NEW ADDRESS

---

**From:** Cathleen A. Sheaffer <CSheaffer@laverylaw.com>
**Sent:** Monday, April 11, 2022 3:04 PM

5

**To:** Christopher Markos <cmarkos@williamscedar.com>; jessicdavi@pa.gov; KHull@mcneeslaw.com; Chris Gerber (cpgerber@sianalaw.com) <cpgerber@sianalaw.com>; Boynton, Alan (ABoynton@mcneeslaw.com) <ABoynton@mcneeslaw.com>; rich@raiderslaw.com; lbedell@attorneygeneral.gov; Carfley, Stephanie (SCarfley@mcneeslaw.com) <SCarfley@mcneeslaw.com>; Connie E. Henderson (cehenderson@sianalaw.com) <cehenderson@sianalaw.com>
**Cc:** Frank J. Lavery, Jr. <flavery@laverylaw.com>; Elizabeth L. Kramer <ekramer@laverylaw.com>; Aimee Paukovits <apaukovits@laverylaw.com>; Mindy S. Kushner <MKushner@laverylaw.com>
**Subject:** RE: Gerhart, Ellen, et al. v. Energy Transfer Partners, et al. - Defendant TigerSwan's Responses to Plaintiff's 2nd Set of Requests for Production of Documents

I am writing to provide you with Defendant TigerSwan's Responses to Plaintiff's 2nd Set of Requests for Production of Documents and document production (batestamped - " DF TigerSwan 2013-2025") in the above referenced matter.

Thank you for your attention to this matter.

Cathy

**Cathleen A. Sheaffer, RP®, Pa. C.P.**
**Senior Paralegal**
**Lavery Law**
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108
Phone: 717.233.6633
Fax: 717.233.7003
Email: csheaffer@laverylaw.com
Web: www.laverylaw.com



  

**This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges; and is otherwise protected from disclosure under applicable law.  It constitutes non-public information intended to be conveyed only to the designated recipient(s).  If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.  The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**